LADENBURG et al. v. COMMERCIAL BANK OF NEWFOUND-
LAND et al.

(Supreme Court, Appellate Division, First Department.   March 20, 1896.)

ATTACHMENT—MOTION TO VACATE—PREREQUISITES.
   A motion by a junior attaching creditor to vacate a prior attachment will
   be denied, in the absence of any proof that such creditor's attachment lien
   was continued by personal service of the summons on defendant within
   30 days after the granting of the attachment, or that service by publica-
   tion was begun within that time, as required by Code Civ. Proc. § 638.

Appeal from special term, New York county.

Action by Adolf Ladenburg and others against the Commercial
Bank of Newfoundland.   A motion by George H. Davidson, junior
attaching creditor, to vacate an attachment obtained by plaintiffs,
was denied, and said Davidson appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

J. J. Allen, for appellant.
B. N. Cardozo, for respondents.

VAN BRUNT, P. J.   In order that the moving party can succeed
in a motion of this description, it is necessary for him to show that
he has a valid levy upon the property upon which the attachment
sought to be set aside has been levied.   In the case at bar it appears
that the attachment of the moving party was issued on the 17th of
December, 1895, and that the affidavit upon which the appellant
moved to set aside the respondents' attachment was made on the
5th of February, 1896.   More than 30 days had elapsed between the
granting of the appellant's attachment and the making of the affidavit,
and such affidavit fails to show that at the time it was made the serv-
ice of the summons was made personally upon the defendant, or
service by publication begun.   In order that the lien of an attach-
ment shall continue, it is necessary, under section 638 of the Code,
that within 30 days after the granting of such attachment the sum-
mons shall be either personally served upon the defendant, or service
by publication begun.   The provision of the section in question is
that a warrant may be granted by a judge of the court, or by any
county judge, to accompany the summons, or at any time after the
commencement of the action, before final judgment.   Personal serv-
ice of the summons must be made upon the defendant against whose
property the warrant is granted within 30 days after the granting
thereof, or else, before the expiration of the same time, service of the
summons by publication must be commenced, or service thereof must
be made without the state, pursuant to an order obtained therefor as
prescribed in this act, and, if publication has been or is thereafter com-
menced, the service must be made complete by the continuance
thereof.   There being no evidence of a compliance with this section,
there is no proof that the lien of the appellant's attachment continued;
and consequently he is not in a position to attack the respondents'

attachment, even if there should be any defects in his papers or procedure.

The order should be affirmed, with $10 costs and disbursements. All concur.