Edwin Hamerschlag, Appellant, *v.* Cathoscope Electrical Company, Defendant; Allen Advertising Agency, Respondent.

*Attachment — a subsequent lienor, moving to vacate it, must show that he has a valid lien — if his judgment was recovered in an inferior court, he must show that it had jurisdiction — use of additional affidavits.*

Where a subsequent lienor moves to vacate an attachment, he must show that he has an outstanding lien which he could enforce against the property of the judgment debtor if the warrant of attachment should be set aside; and, unless he does this, he has no standing in court to move to vacate the prior attachment, no matter how defective the papers may be upon which it was granted.

Where the subsequent lienor has recovered judgment in an inferior court of limited jurisdiction, he must show that that court had acquired jurisdiction of the subject-matter and of the person of the judgment debtor; and a failure to show that service of process was made within the jurisdiction of the court, or under such circumstances as to give it jurisdiction, is a fatal defect.

Section 532 of the Code of Civil Procedure does away with the necessity of setting up the facts conferring jurisdiction in pleading the judgment of a court of special jurisdiction, but it requires an allegation that the judgment was duly made; and where the affidavit of a subsequent lienor, even if it be considered as a pleading, does not contain this allegation, there is no proof whatever that the court of inferior jurisdiction had obtained jurisdiction of the person of the judgment debtor.

Where an application to vacate a warrant of attachment is not made merely upon the papers upon which the attachment was granted, but upon new papers showing additional facts, the party procuring the attachment becomes entitled to read new affidavits in opposing the motion.

Appeal by the plaintiff, Edwin Hamerschlag, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of February, 1897, vacating his attachment upon the motion of the Allen Advertising Agency, a subsequent lienor.

*David J. Newland,* for the appellant.

*Waldo G. Morse,* for the respondent.

Rumsey, J. :

The plaintiff's attachment was issued on the 17th of November, 1896, and the property of the defendant was levied upon at that

time.  The Allen Advertising Agency alleges that on the 27th day of November, 1896, it recovered a judgment against the defendant in this action on which an execution was issued on that day to the sheriff of the county of New York, and the sheriff then levied under it upon the same property upon which he had previously levied the attachment.  By virtue of the lien which it thus acquired, as it says, the Allen Advertising Agency moved to vacate the plaintiff's attachment.  This motion was granted, and from the order vacating his attachment the plaintiff has taken this appeal.

We think the order should be reversed for two reasons.  In the first place the Allen Advertising Agency has not made sufficient proof that it is a subsequent lienor.  Where one moves upon that ground to vacate an attachment he is bound to show that he has an outstanding lien which he could enforce against the property of the defendant if the warrant of attachment should be set aside, and unless he does establish the existence of such a lien on his part he has no standing in court to move to vacate the plaintiff's attachment no matter how defective the papers may be upon which that attachment is granted.  (*Ladenburg* v. *Commercial Bank of Newfoundland*, 2 App. Div. 477.)

The Allen Advertising Agency claims to have recovered a judgment in the City Court of New York on the 27th of November, 1896, but it entirely fails to show that any judgment thus recovered by it was valid.  The City Court of New York is a court of limited jurisdiction.  Its summons can be served only within the city of New York except in certain specified cases.  (Code Civ. Proc. § 338.)  Unless it is made to appear by the moving papers that the court in which the judgment against the defendant here was recovered had acquired jurisdiction there is no sufficient proof of a valid judgment upon which execution might have been issued.  One who asserts a right under a judgment of an inferior court of limited jurisdiction is bound to show not only that the court had jurisdiction of the subject-matter, but that it also acquired jurisdiction over the person of the defendant.  (*Turner* v. *Roby*, 3 N. Y. 193.)  The allegations of the affidavit in the moving papers entirely fail to show any jurisdiction of the defendant.  It is said in that affidavit that the judgment was obtained upon personal service of a summons and notice on Meredith Dryden, secretary of the Cathoscope Electrical Com-

pany, but it does not appear that such service was made within the city of New York or under such circumstances as give the City Court jurisdiction. This is a fatal defect. The defect is not cured by section 532 of the Code of Civil Procedure. That section does away with the necessity of setting up the facts conferring jurisdiction in pleading the judgment of a court of special jurisdiction, but it requires an allegation that the judgment was duly made. No such allegation is contained in this affidavit, and, therefore, even if the affidavit could be considered a pleading so as to come within the rule laid down in section 532, it does not aid the moving party here.

We think, too, that the court should have permitted the plaintiff to read new affidavits upon this motion. The application to vacate the warrant was not made upon the papers upon which it was granted, but upon new papers which were not in existence at the time the application was made to the judge for the warrant of attachment. Those papers were not alone such as established the existence of the lien so as to authorize the lienor to move under the rule laid down in *Steuben Co. Bank* v. *Alberger* (75 N. Y. 179), but were papers showing additional facts than those which had been presented to the court by the plaintiff upon applying for the affidavit. For that reason, we think that the plaintiff was entitled to read new papers, and it was error to refuse to permit him to do so.

The order vacating the attachment must, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate the attachment denied, with ten dollars costs.

VAN BRUNT, P. J., WILLIAMS, PATTERSON and PARKER, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.