(30 Misc. Rep. 314.)

### GROB v. METROPOLITAN COLLECTING AGENCY.

(Supreme Court, Special Term, New York County. January, 1900.)

1. ATTACHMENT—MOTION TO VACATE—JUDGMENT CREDITORS' RIGHTS—JUDGMENT OF INFERIOR COURT—PLEADING.

Plaintiff obtained an attachment against a foreign corporation, and had property belonging to it levied upon. A creditor claiming to have obtained a judgment against the corporation in the city court of New York moved to vacate the attachment. *Held* that, as the city court of New York was a court of limited jurisdiction, its judgment would not be sufficient to support the motion, where the moving papers failed to state facts showing its jurisdiction to render the judgment.

2. SAME.

An allegation that service of process was made within the jurisdiction of the New York city court, and that said court duly acquired jurisdiction of the subject-matter of the action and the person of the judgment debtor, is but the statement of legal conclusions, and therefore an insufficient allegation of facts showing the court had jurisdiction to render a judgment.

Action by Frank S. Grob against the Metropolitan Collecting Agency. Motion to vacate an attachment. Denied.

John T. Reed, for the motion.
William R. Hill, opposed.

BEEKMAN, J. The plaintiff has obtained an attachment against the defendant, which is a foreign corporation, and a levy has been made under the writ upon certain property in this city belonging to the defendant. One Hiren G. McDowell, claiming to be a judgment creditor of the corporation, has caused an execution to be levied upon the same property, and, as a junior lienor, now moves to vacate the attachment on the ground of the insufficiency of the papers on which it was granted. In order to maintain his motion, "he is bound to show that he has an outstanding lien which he could enforce against the property of the defendant if the warrant of attachment should be set aside, and, unless he does establish the existence of such a lien on his part, he has no standing in court to move to vacate the plaintiff's attachment, no matter how defective the papers may be upon which that attachment is granted." Hamerschlag v. Electrical Co., 16 App. Div. 185, 44 N. Y. Supp. 668. The case cited is quite similar to the one at bar in its facts. There the junior lienor claimed to have recovered a judgment in the city court of New York upon the footing of which and the levy of an execution thereunder he made his motion to vacate a prior attachment. At page 186, 16 App. Div., and page 669, 44 N. Y. Supp., the court says:

"The Allen Advertising Agency claims to have recovered a judgment in the city court of New York on the 27th of November, 1896, but it entirely fails to show that any judgment thus recovered by it was valid. The city court of New York is a court of limited jurisdiction. Its summons can be served only within the city of New York, except in certain specified cases. Code Civ. Proc. § 338. Unless it is made to appear by the moving papers that the court in which the judgment against the defendant here was recovered had acquired jurisdiction, there is no sufficient proof of a valid judgment upon which execution might have been issued. One who asserts a right under a judgment of an inferior court of limited jurisdiction is bound to show, not only that the court had jurisdiction of the subject-matter, but that it also acquired jurisdiction over the person of the defendant. Turner v. Roby, 3 N. Y. 193. The allegations of the affidavit in the moving papers entirely fail to show any jurisdiction of the defendant. It is said in that affidavit that the judgment was obtained upon personal service of a summons and notice on Meredith Dryden, secretary of the Cathoscope Electrical Company, but it does not appear that such service was made within the city of New York, or under such circumstances as give the city court jurisdiction. This is a fatal defect."

In the case at bar the judgment on which the junior lienor relies was also recovered in the city court. The only allegation which he makes with respect to the service of the summons is as follows:

"That service of process in said action in said city court was made within the jurisdiction of said city court, and said city court duly acquired jurisdiction of the subject-matter of the action and of the person of the judgment debtor therein, the said Metropolitan Collecting Agency, the defendant herein."

Clearly, this is not sufficient. The affiant should have stated the facts with respect to such service, showing the place where it was made and how it was made. As it is, his averments upon the sub-

ject are merely his conclusions of law upon facts not before the court. The court is entitled to judge for itself whether the service was made "within the jurisdiction of the city court," and whether the latter court "duly acquired jurisdiction of the subject-matter of the action and of the person of the judgment debtor." The mere assertions of the affiant with respect to jurisdiction afford no possible basis for such judicial action. It is especially important in this case that the facts with respect to the service of the summons should have been set forth. The judgment debtor is a foreign corporation. Section 432, Code Civ. Proc., contains most elaborate specifications with respect to the manner of service of the summons upon a foreign corporation, mentioning the various officers to whom a copy of the summons may be delivered, and the conditions under which such delivery must be made to one rather than to another. It was incumbent upon the moving party here to show by a proper statement of the facts that the corporation was properly served with the summons, within the terms of the above-cited section. This he has utterly failed to do, and the defect is fatal to his motion. The counsel for the junior lienor, in attacking the papers on which the warrant was issued, has cited a large number of authorities holding that the strictest proof is essential to justify the granting of an attachment, and that evidentiary facts, and not mere conclusions, must be presented. The same rule is applicable to the moving papers of a junior lienor seeking to vacate an attachment. He must show by strict proof that he has acquired a valid lien upon the property before he can avail himself of the right, which is purely statutory, to make such a motion as this. It follows from what has been said that the motion must be denied, with $10 costs. As I have not passed on the question of the validity of the warrant of attachment, and as doubtless the moving party can remedy the defects in his papers which I have pointed out, leave will be given him to renew upon proper papers, on payment of the above costs.

Motion denied, with $10 costs, with leave to renew upon payment of costs.