### SCHNITZER v. FOX et al.

(City Court of New York, General Term.   March 2, 1900.)

JUDGMENT—PLEADING—AMENDED ANSWER.

Under Code Civ. Proc. § 532, providing that, in pleading a judgment of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction, but the judgment may be stated to have been "duly given or made," and, if that allegation is controverted, the party pleading must show jurisdiction, it was not error to refuse to permit defendant to file an amended answer, setting up, by way of counterclaim, a judgment which he alleged was recovered in the city court of the city of New York, a court of special jurisdiction, where there are no allegations of facts showing jurisdiction, nor that the judgment was "duly given or made."

Appeal from special term.

Action by William H. Schnitzer against Morris Fox and another. From a judgment in favor of plaintiff, and from an order denying a motion for leave to serve an amended answer, defendants appeal. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Abraham Goldfarb, for appellants.

Moses Feltenstein, for respondent.

O'DWYER, J.   This is an appeal from a judgment entered upon a verdict directed by the court in favor of the plaintiff.   The action was brought to recover $250, on an undertaking on attachment, as damages sustained by reason of the issuance and levy of a warrant of attachment thereon issued.   The answer pleaded substantially a general denial.   The cause was placed on the calendar, and, upon motion thereafter, it was placed upon the calendar for the trial of short causes.   The defendants made a motion to amend their answer, a few days before the trial, by pleading a judgment recovered in the city court in favor of one of the defendants against the plaintiff's assignor, and before the assignment to plaintiff.   This motion was denied, and from the order entered thereon, as well as from the judgment, this appeal is taken.

The only question presented for review by this appeal in behalf of the appellants is the correctness of the order made at the special term denying the defendants' motion for leave to serve an amended answer; it following, as of course, that if the order is correct the judgment must be affirmed, and if not, and a reversal thereof must be had, then the judgment must necessarily be reversed.   The city court of the city of New York is a court of special jurisdiction, and section 532 of the Code of Civil Procedure provides:

"In pleading a judgment, or other determination, of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction; but the judgment or determination may be stated to have been duly given or made.   If that allegation is controverted, the party pleading must, on the trial, establish the facts conferring jurisdiction."

And unless in pleading such a judgment the facts conferring jurisdiction are stated, or the allegation is contained that the judgment

was duly given or made, the pleading is fatally defective. Tuttle v. Robinson, 91 Hun, 187, 36 N. Y. Supp. 346; Hamerschlag v. Electrical Co., 16 App. Div. 185, 44 N. Y. Supp. 668.

In the present case the proposed amended answer alleges that the judgment was recovered in the city court of the city of New York. It shows that it was recovered in a court of special jurisdiction. There is no allegation showing or alleging the facts conferring jurisdiction upon the city court of the city of New York to give that judgment, nor is there any allegation contained in the proposed amended answer to the effect that the said judgment was duly given or made. The proposed amendment, therefore, failed to state facts sufficient to constitute a counterclaim or a defense, and the denial of the motion for leave to serve the proposed pleading in that form was right.

It follows that the judgment and order appealed from should be affirmed, with costs.

FITZSIMONS, C. J., concurs.