(62 App. Div. 566.)

SILL STOVE WORKS v. SCOTT et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1901.)

1. ATTACHMENT—SUBSEQUENT JUDGMENT CREDITORS—RIGHT TO INTERVENE—
PRELIMINARY PROOF—SUFFICIENCY.

> Code Civ. Proc. § 682, provides that a person who has acquired a lien in property after it was attached may, at any time before the application of it to the payment of a judgment recovered in the action, apply to vacate the warrant. Section 3017 provides that a justice must, on application of the party in whose favor a judgment was rendered, deliver to him a transcript thereof, and that the county clerk must, on presentation of the transcript, file and docket the judgment, and that thenceforth the judgment shall be a judgment of the county court. A creditor obtained a judgment against defendant in a justice's court after the levy of an attachment against defendant, and a transcript of such judgment was filed with the county clerk. An affidavit of a deputy sheriff stated that he levied the warrant of attachment on defendant's property, and also that an execution in favor of the subsequent judgment creditor was afterwards levied on defendant's property, which was in deponent's possession by virtue of the attachment. *Held*, that such evidence was sufficient preliminary proof to entitle the judgment creditor to attack the papers on which the plaintiff obtained the attachment.

2. SAME—AFFIDAVIT—SUFFICIENCY—HEARSAY.

> An affidavit for attachment, merely alleging what a third person had told affiant, is insufficient, no effort to procure the affidavit of such third person appearing to have been made, and no explanation being made why such affidavit was not procured.

3. SAME.

> An affidavit for attachment, stating that defendant had admitted the debt and promised to pay it, and that he had also admitted to deponent, plaintiff's attorney, that he was insolvent, and that he intended to dispose of all of his property that he could before he was closed up, and that deponent has information that he has disposed of certain property with intent to defraud his creditors, is insufficient.

Appeal from Warren county court.

Action by the Sill Stove Works against Charles R. Scott. From an order confirming an order obtained by the Aird-Don Company, defendant's judgment creditor, vacating a warrant of attachment in favor of the plaintiff, the plaintiff appeals. Affirmed.

Appeal from an order of the county judge of Warren county dated the 25th day of April, 1901, confirming an order theretofore made by said county judge on the 14th day of March, 1901, which order vacated a warrant of attachment granted by said county judge in favor of the plaintiff, Sill Stove Works, against the property of the defendant, Charles R. Scott, and also from said order of March 14, 1901, so vacating and setting aside said warrant of attachment. On the 26th day of February, 1901, a warrant of attachment was granted by the county judge of Warren county against the property of the defendant, Charles R. Scott, in an action brought against him by said Sill Stove Works, which warrant of attachment was delivered to the sheriff of Warren county, and by him levied upon the property of the defendant on the 28th day of February, 1901. The warrant of attachment was based upon an affidavit made by one John S. Sherman, who states "that he is attorney for the plaintiff in this action." The material part of the affidavit is as follows: "That a cause of action exists in favor of said plaintiff against said defendant, for which said action is commenced, or is about to be, and that the amount of the plaintiff's claim in said action is, and plaintiff is entitled to recover thereon, seven hundred and eighty-two $^{16}/_{100}$ dollars, and interest from the 23d of February, 1901, over and above

all counterclaims known to plaintiff; and that the grounds of said claim and cause of action are that between June 18, 1900, and January 25, 1901, the plaintiff, at the special instance and request of the defendant, sold and delivered to said defendant goods, wares, and merchandise to the value and agreed price of $1,063.29; that no part of the same has been paid, except the sum of $281.13; that there is now due and owing and unpaid on said account the sum of $782.16. The deponent had a conversation with the defendant a few days ago, and the defendant admitted to deponent that he was indebted to the plaintiff in the amount of about $800, and since he said to deponent that he would pay this claim of the plaintiff. That the defendant is a resident of the state of New York, and that deponent is informed and believes the defendant has assigned, disposed of, and secreted property with intent to defraud his creditors. Such information is based on the facts that he removed a large number of stoves from his place of business in the nighttime, so deponent was told by one of the persons who helped to move them and place them in storage. That the defendant told deponent that he was insolvent, and that he intended to dispose of all the property he could, and get all the money out of the business he could, before he was closed up. That the deponent has within the past three weeks sold and disposed of, and offered for sale, a large amount of·his stock at a great sacrifice, with intent to defraud his creditors. That defendant has kept himself secreted or concealed, as deponent is informed and believes, to avoid the service of a summons. That the plaintiff is entitled to recover the sum above stated over and above all counterclaims known to the plaintiff." On the 14th day of March, 1901, the respondent, Aird-Don Company, upon due notice to the attorney for the plaintiff, obtained an order vacating and setting aside said warrant of attachment. The motion was made upon the papers upon which the attachment was issued, and also upon an affidavit of a deputy sheriff of Warren county, in which affidavit he stated that the said warrant of attachment was delivered to him, and that he levied the same on the property of the defendant, Scott. Said affidavit also contains the following statement: "That heretofore, and subsequent to the taking possession of defendant's property by deponent, as above set forth in said attachment proceedings, an execution was duly issued by the clerk of the county of Warren, on or about the 1st day of March, 1901, on a judgment recovered on the 28th day of February, 1901, in favor of the Aird-Don Company, plaintiff, against Charles R. Scott, the defendant herein, before Edward Breen, a justice of the peace of the county of Warren, for the sum of forty-eight dollars and fifty-one cents, a transcript of which judgment was duly filed and docketed in the office of the said clerk of Warren county, and that on or about the 1st day of March, 1901, the said execution in favor of the said Aird-Don Company was duly delivered to deponent as deputy of the sheriff of Warren county, to whom said execution and warrant of attachment above set forth were duly directed, and said execution was duly levied by deponent upon the property of the defendant which was already in deponent's possession under and by virtue of the warrant of attachment above referred to, and that the lien of said execution is subsequent to that of the attachment." The plaintiff did not appear on said motion, but subsequently, by consent, the attorneys for the appellant and respondent went before the said county judge, and after an argument on the same papers a further order was made confirming the said order setting aside said warrant of attachment.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

A. D. Arnold, for appellant.
Chambers & Finn, for respondent.

CHASE, J. Code Civ. Proc. § 682, provides that a defendant, or a person who has acquired a lien upon or interest in his property after it was attached, may, at any time before the actual application of the attached property to the payment of a judgment recovered in

the action, apply to vacate or modify the warrant. Proof of a subsequent valid levy upon the same property covered by the prior attachment is a necessary condition to the right of a subsequent creditor to initiate the proceeding to vacate the prior attachment. Until this fact is established by legal evidence, he is a mere stranger, having no right to intervene. Tim v. Smith, 93 N. Y. 87; Hodgman v. Barker, 60 Hun, 156, 14 N. Y. Supp. 574; Dayton v. Manufacturing Co. (Sup.) 19 N. Y. Supp. 46; Selser Bros. Co. v. Potter Produce Co., 77 Hun, 313, 28 N. Y. Supp. 428; Ladenburg v. Bank, 2 App. Div. 477, 37 N. Y. Supp. 1085; Bank v. Alberger, 75 N. Y. 179. Inferior courts have only such jurisdiction as is expressly conferred upon them by statute, and it is a universally accepted proposition that jurisdiction of inferior courts will not be presumed, but must be made to appear affirmatively. So it has been held, in an application to set aside a prior attachment by a judgment creditor whose judgment had been recovered in an inferior court, that it is necessary to show that such inferior court had jurisdiction of the person of the defendant and of the subject-matter. Hamerschlag v. Electrical Co., 16 App. Div. 185, 44 N. Y. Supp. 668; Grob v. Collecting Agency, 30 Misc. Rep. 314, 63 N. Y. Supp. 513. The judgment of the respondent was recovered in justice's court, and unless the filing of a transcript thereof with the clerk of the county of Warren, and proof of that fact, made it unnecessary for the respondent to furnish other proof of the jurisdiction of the justice, it is clear that the respondent did not make the preliminary proof necessary to entitle it to attack the papers on which the warrant of attachment was issued in favor of the plaintiff.

Code Civ. Proc. § 3017, provides:

"A justice of the peace who renders a judgment * * * must upon the application of the party in whose favor the judgment was rendered * * * deliver to him a transcript of the judgment. The county clerk * * * must, upon the presentation of the transcript, * * * file it in his office and docket the judgment as of the time of the receipt of the transcript; * * * thenceforth the judgment is deemed a judgment of the county court of that county, and must be enforced accordingly. * * *"

The purpose of the statute relating to the filing of transcripts of justices' judgments, as it existed before the Code of Procedure, appears by the statute itself to have been primarily to make the judgment so filed a lien on real estate. The subsequent provision of the Code of Procedure (section 63), making judgments so filed judgments of the county court, and the present provision of the Code of Civil Procedure, by which such judgments are deemed judgments of the county court, and expressly directing that they must be enforced accordingly, were undoubtedly intended to facilitate the collection of judgments from both personal and real property, and to avoid the necessity of establishing the jurisdiction of the justice rendering the judgment as a preliminary question in every proceeding or action growing out of the enforcement of such judgment.

Justice Bradley in Agar v. Tibbets, 46 Hun, 52, in discussing this subject, says:

"The statute gives to the judgment the effect of lien upon real property, and provides for the issuing of execution, for the purpose of in that manner enforcing the collection of the judgment, and as a consequence prima facie

vesting title in the purchasers on sales made by virtue of the execution; and, if for that purpose the transcript filed were not sufficient evidence of the judgment to support its execution, it may be seen that much embarrassment might follow to the purchaser or those taking property under the sale. And especially so if the question should arise at so remote a period that the justice or his docket could not be obtained to prove the fact of his jurisdiction to render the judgment."

The motion made by the respondent related to the enforcement of its judgment, and proof of the filing of the transcript of the judgment, as provided by the Code of Civil Procedure, was prima facie evidence that the justice had jurisdiction to render the judgment. Jackson v. Jones, 9 Cow. 182; Jackson v. Rowland, 6 Wend. 667, 22 Am. Dec. 557; Dickinson v. Smith, 25 Barb. 102; Stephens v. Santee, 49 N. Y. 35; Belgard v. McLaughlin, 44 Hun, 557. The cases of Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560, 2 L. R. A. 829, Harris v. Clark, 65 Hun, 361, 20 N. Y. Supp. 232, Agar v. Tibbets, 46 Hun, 52, and Id., 56 Hun, 272, 9 N. Y. Supp. 591, are not in conflict with the views above expressed. The first two cases relate to the construction of another section of the Code of Civil Procedure, and the other two cases relate to the proof necessary to enable the plaintiff to recover in an action on a judgment rendered in justice's court where a transcript had been filed with the county clerk, and the distinction between such cases and the case now under consideration is stated in the opinion in the first Agar v. Tibbets case.

The respondent made the necessary preliminary proof to entitle it to attack the papers on which the plaintiff obtained the attachment against the property of the defendant. The affidavit on which the attachment was granted is made by the attorney for the plaintiff in this action, and all the allegations thereof, except those relating to the defendant's admissions to him, are necessarily made upon information and belief. There is not sufficient in the affidavit to show that the plaintiff is entitled to recover the amount stated, over and above all counterclaims known to the plaintiff. Jordan v. Richardson, 7 Civ. Proc. R. 411. The information in regard to the defendant removing a large number of stoves in the nighttime, and placing them in storage, was hearsay, and no effort seems to have been made to procure the affidavit of the helper who gave the information to the attorney, and no explanation is made why such affidavit was not procured. Abrams v. Lavine, 90 Hun, 566, 35 N. Y. Supp. 881. The other admissions made by the defendant are not inconsistent with an honest intent to pay the claim of the plaintiff, as the affidavit shows that the defendant promised to do. Shuler v. Manufacturing Co., 17 App. Div. 228, 45 N. Y. Supp. 725; Bank v. Wallace, 4 App. Div. 382, 38 N. Y. Supp. 851. The affidavit is insufficient to sustain the attachment, and counsel for the plaintiff did not even discuss before us the sufficiency of such affidavit, but based his contention that the orders should be reversed wholly upon the claim that the respondent had not made the preliminary proof necessary to entitle it to attack the papers on which the attachment was granted.

Orders affirmed, with $10 costs and disbursements. All concur.