GEORGE H. MAKEPEACE, Respondent, *v.* DILLTOWN SMOKE-
LESS COAL COMPANY, Appellant.

First Department, July 13, 1917.

**Attachment — failure of moving papers to show cause of action —
pleading — complaint in action for breach of contract to deliver
coal — failure to allege tender of payment.**

A complaint which alleges that the defendant entered into a written contract
with the plaintiff's assignor for the sale of a certain amount of coal at a
fixed price and that the defendant has neglected and refused to make
delivery, although the same was duly demanded, but which does not
allege a tender on the part of plaintiff's assignor, or its readiness, willing-
ness and ability to pay — payment being an obligation concurrent with
delivery — is insufficient, and where such defect is not cured by affidavits
and correspondence annexed thereto, an attachment based on said papers
should be vacated.

Moving papers on an application for an attachment should be liberally
construed in support thereof.

APPEAL by the defendant, Dilltown Smokeless Coal Com-
pany, from an order of the Supreme Court, made at the New
York Special Term and entered in the office of the clerk of
the county of New York on the 11th day of June, 1917, deny-
ing its motion to vacate and set aside the warrant of attach-
ment heretofore issued herein.

*I. Maurice Wormser,* for the appellant.

*Clifton P. Williamson,* for the respondent.

SMITH, J.:

The motion to vacate the attachment was made upon the
papers on which the attachment was issued, consisting of
a summons and complaint together with affidavits by the
plaintiff and by an officer of the Sterling Coal Company,
Limited, plaintiff's assignor, and upon affidavits by two
officers of the defendant, which is a Pennsylvania corpora-
tion. The complaint alleges that during the year 1916 the
defendant entered into a written contract with the Sterling
Coal Company, Limited, for the sale by the defendant and the
purchase by the Sterling Coal Company of 15,000 tons of

coal, at \$1.30 per ton, deliverable at the defendant's mines at the rate òf approximately 1,250 tons a month commencing September 1, 1916, and that the defendant has neglected and refused to make delivery although the same was duly demanded.    Damages in the sum of \$48,000 are claimed. It is clear that the complaint is defective for failure to allege· a tender on the part of plaintiff's assignor or its readiness, willingness and ability to pay, proof of which is a necessary element of plaintiff's cause of action where, as here, payment and delivery must be considered concurrent obligations because no contrary intention appears.    (*Dunham* v. *Pettee,* 8 N. Y. 508; *Delaware Trust Co.* v. *Calm,* 195 id. 231; *Gross* v. *Ajello,* 132 App. Div. 25; *Porter* v. *Rose,* 12 Johns. 209; *Morton* v. *Lamb,* 7 Term Rep. 125 [101 Eng. Reprint 890]; *Wagenblast* v. *McKean,* 2 Grant, ·393; 9 Cyc. 723.)    Nor is the difficulty in the complaint cured by the affidavits which accompany it or the·correspondence annexed to them.    It is suggested by the respondent that a letter written by defendant to its own agent on August 31, 1916, shows a repudiation by defendant of the contract sued on; but subsequent letters written by the plaintiff's assignor make it plain that even if the letter of August thirty-first constitutes a repudiation, its contents were not known to the Sterling Coal Company until long after September first, and hence it can furnish no excuse for the failure of that company to make a tender or at least to allege and prove its readiness, willingness and ability to pay.    The further claim is made that payment to defendant of the contract price of the coal was guaranteed by its agent and hence that it had no interest in the ability or willingness of plaintiff's assignor to pay.    No argument is needed to demonstrate the speciousness of this claim.    Obviously defendant cannot be held liable for breach of contract when the other contracting party was itself in default, irrespective of what other security defendant may have had for payment of the debt.    The failure of the attachment papers, therefore, to show the existence of a cause of action in plaintiff against defendant requires that the order appealed from be reversed and the defendant's motion to vacate the attachment granted. (Code Civ. Proc. § 636; *Wessels* v. *Boettcher,* 69 Hun, 306; affd., 138 N. Y. 654; *Outerbridge* v. *Campbell,* 87 App. Div.

597; *Hilborn* v. *Pennsylvania Cement Co., Nos. 1 & 2,* 145 id. 442.) The result reached is not based on a technicality and is in entire accord with the authorities which lay down the rule that the moving papers should be liberally construed in support of the attachment, for the plaintiff was challenged to supply the deficiency in his papers but has failed to do so notwithstanding that ample opportunity was given and that he did in fact file a supplemental affidavit.

In this view of the case it is unnecessary to consider the defendant's objection that the plaintiff has failed to show authority in the agent to make the contract upon which he sues, by failing to establish the approval of the defendant of the contract made with the defendant's agent, which approval as to amount and price is stipulated for in its contract of agency.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion to vacate the attachment granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.