GEORGE H. MAKEPEACE, Respondent, *v.* DILLTOWN SMOKE-LESS COAL COMPANY, Appellant.

First Department, October 26, 1917.

**Attachment — requisites of moving papers — conclusions of fact insufficient — attachment vacated.**

An affidavit in support of an attachment must contain evidence from which the court can determine that the ultimate facts stated in the pleading can be substantiated.

Moving papers upon which an attachment was granted examined, and *held*, insufficient to support the attachment which should be vacated in that no facts were stated showing that the plaintiff's assignor made the necessary tender to the defendant charged with breach of contract to deliver goods, or showing the assignor's readiness, willingness and ability to pay for the goods, which were necessary allegations to the cause of action, the affidavit in this respect containing mere conclusions of fact.

Moreover, the attachment should be vacated where the assignor's contract was made with the defendant's agent and the only proof of such agency was an agreement that all sales made by the agent should be approved by the defendant and the moving papers contained no proof that the assignor's contract was ever so approved.

APPEAL by the defendant, Dilltown Smokeless Coal Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of August, 1917, denying defendant's motion to vacate a warrant of attachment.

*I. Maurice Wormser*, for the appellant.

*Clifton P. Williamson*, for the respondent.

PAGE, J.:

The action is brought by the plaintiff, as assignee of the Sterling Coal Company, Limited, to recover damages for alleged breach by the defendant of a contract for the delivery of 15,000 tons of coal at one dollar and thirty cents per ton deliverable at the defendant's mines at the rate of approximately 1,250 tons a month commencing September 1, 1916.

The plaintiff obtained a warrant of attachment upon a complaint, and affidavits purporting to support the allega-

tions of the complaint. Upon a prior appeal in this same action from an order denying a motion to vacate a prior attachment (179 App. Div. 60) this court held that the complaint was defective, for the reason that it failed to show a tender on the part of the plaintiff's assignor, or its readiness, willingness and ability to pay for the coal, which is a necessary allegation in such a cause of action, where it appears that the delivery of the coal and payment of the purchase price are concurrent obligations, and furthermore, that the affidavits upon which the attachment was granted did not supply proof of those facts. This court accordingly vacated the attachment. The present attachment has been granted upon papers which in addition to the papers upon which the former attachment was based include an amended complaint supplying the necessary allegation that upon information and belief " said Sterling Coal Company, Limited, at all times on and after September 1, 1916, was ready, willing and able to pay for said coal in accordance with the terms of said contract." There is a further allegation, upon information and belief, " that by the terms of said contract it was understood and agreed that payment for said coal should be made by said Sterling Coal Company, Limited, to Benjamin Nicoll, doing business as B. Nicoll & Company, defendant's agent, and that such payment should be made from time to time within thirty days after deliveries of the several monthly installments as provided by said contract." The only additional proof submitted in support of the present attachment is an affidavit of Albert R. Gibson, verified the 5th day of July, 1917, which states: " It was understood and agreed that the Sterling Coal Company, Limited, was to pay for the coal referred to in deponent's said affidavit [referring to a prior affidavit made by the deponent in support of the prior attachment] thirty days after delivery of each installment," and " that at all of the times referred to in deponent's said affidavit said Sterling Coal Company, Limited, was ready, able and willing to make all payments in accordance with the terms of said agreement. A provision for such credit of thirty days was contained in the forms of contract referred to in deponent's letter of June 30, 1916, to H. K. Stauffer and deponent's letter of August 23, 1916, to Messrs. B. Nicoll & Company,

copies of which are attached to deponent's said affidavit verified the 20th day of April, 1917."

The Albert R. Gibson who made this affidavit was manager of the sales department of the Sterling Coal Company. No copy of the alleged " forms of contract " was annexed, so that there is nothing to support the allegation that such were the terms of the contract but the deponent's bare statement which is a conclusion of fact and not evidence.

An affidavit in support of an attachment must contain evidence from which the court can determine that the ultimate facts stated in the pleadings can be substantiated. Thus, though the complaint as amended states a cause of action, the proof in support of it is still lacking, so that the same defect in the moving papers upon which the prior attachment was vacated now exists in the present moving papers.

Furthermore, the agreement which the plaintiff's assignor claims to have made with the defendant it is alleged in the affidavits was made with B. Nicoll & Co. as agent. The only evidence which the plaintiff has submitted in proof of the agency is a written contract between the defendant and B. Nicoll & Co., its agent, which contains an express provision: " All sales are to be made for account of the Company, in such amounts, for such deliveries and at such prices as shall be from time to time approved by it." The " Company " referred to is the defendant. The moving papers contain no proof showing that the alleged contract made with B. Nicoll & Co. was ever approved by the defendant. They are, therefore, defective for this reason.

The order denying the motion to vacate the attachment is erroneous and should be reversed, with ten dollars costs and disbursements, and the motion to vacate the attachment granted, with ten dollars costs.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.