LOUIS G. HART, Respondent, *v.* PAGE MANUFACTURING COMPANY, Appellant.

Second Department, April 5, 1919.

**Attachment — sufficiency of evidence — hearsay or secondary evidence — motion to vacate granted.**

In order to sustain an attachment, evidence tending to support the allegations of the complaint must be found in the papers upon which the attachment is based.

The character of the evidence required to support an attachment is the same as that necessary to support a judgment or decision of the court on the trial of an action, except that secondary or hearsay evidence is admissible when primary evidence cannot be secured and the sources of the hearsay evidence are so disclosed that the judge may determine whether the information has been competently derived, and has such probative force as to justify the issuance of the warrant.

Affidavits showing that the essential allegations of the plaintiff's complaint are supported by secondary or hearsay evidence only, examined and *held*, insufficient to sustain a writ of attachment.

APPEAL by the defendant, Page Manufacturing Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 10th day of February, 1919, denying a motion to vacate an attachment against defendant's property.

*Henry A. Stickney* [*Hamilton Rogers* with him on the brief], for the appellant.

*Alfred L. Becker* [*John M. Enright* and *James J. Franc* with him on the brief], for the respondent.

BLACKMAR, J.:

The complaint, liberally construed, states a cause of action. (*Kayton* v. *Barnett*, 116 N. Y. 625.)

The essential allegations are that John McIntyre & Co. were the agents of the defendant; that as such agents they borrowed from the plaintiff's assignor, for the benefit of defendant, the moneys that this action is brought to recover and induced the plaintiff's assignor to accept their promissory notes by false representations that they were doing business on their own account and were the owners of defendant's property, which was in their hands as factors.

To sustain the attachment, evidence tending to support these allegations must be found in the papers upon which the attachment was based. (Code Civ. Proc. § 636; *Calmon Asbestos & R. Works* v. *Asbest-Und-Gummiwerke*, 141 App. Div. 198.) The character of the evidence required to support an attachment is the same as that necessary to support a judgment or decision of the court on the trial of an action except that, from the necessity of the situation, secondary or hearsay evidence is sometimes allowable; but because the remedy of attachment is a drastic one, sequestrating as it does the property of the defendant upon process obtained *ex parte*, the rule is that secondary or hearsay evidence is admissible only when primary evidence cannot be secured and the sources of the hearsay evidence are so disclosed that the judge may determine whether the information has been

competently derived and has such probative force as to justify the issuance of the warrant. (*Murphy* v. *Jack,* 142 N. Y. 215; *Yates* v. *North,* 44 id. 271; *Sill Stove Works* v. *Scott,* 62 App. Div. 566.)

An analysis of the plaintiff's affidavits shows that the essential allegations of the complaint are supported by secondary or hearsay evidence only. Although a possible interpretation of Mr. Bailey's affidavit is that it is based upon the personal knowledge of the affiant, yet his relations to the transaction are such as not to permit the inference that he speaks from personal knowledge. (*Hoormann* v. *Climax Cycle Co.,* 9 App. Div. 579; *Manufacturers' National Bank* v. *Hall,* 60 Hun, 466; affd., 129 N. Y. 663.) His averments as to the essential allegations of the complaint were, to use his own word, " ascertained " in the course of the bankruptcy proceedings of John McIntyre, pending in the United States District Court for the District of New Jersey. The affiant was not speaking from personal knowledge of the agency of John McIntyre & Co., of the falsity of the representations, nor of the fact that the money was borrowed for the account of the defendant and paid over to it. On these points the evidence is hearsay. The affiant was giving the result of information obtained from the bankruptcy proceedings. How he obtained the information he does not say — whether from hearing the testimony given by the bankrupt, or from reading a transcript of it, or from an account of such testimony given by a third party, or whether the averments are affiant's conclusions from documents or writings which if presented to the judge would fail to sustain them.

I am of the opinion that the existence of the cause of action was not shown by the character of evidence that is required to sustain a writ of attachment. (*Gumbes* v. *Hicks,* 116 App. Div. 120; affd., 190 N. Y. 532.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted and the attachment vacated, with ten dollars costs.

Jenks, P. J., Mills, Rich and Jaycox, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, motion granted and attachment vacated, with ten dollars costs.