ASSAD S. ABDUN-NUR, Respondent, *v.* FRED A. ARBEED, Appellant.

First Department, December 2, 1921.

Attachment — motion to vacate — affidavit in support of attachment must contain evidentiary facts tending to prove cause of action.

A motion to vacate an attachment will be granted where the affidavit in support of the attachment fails to state evidentiary facts tending to prove the cause of action, since such an affidavit must contain evidence from which the court can determine that the ultimate facts stated in the pleading can be substantiated.

APPEAL by the defendant, Fred A. Arbeed, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of October, 1921, denying defendant's motion to vacate an attachment.

*Lee, Aron & Wise* [*J. Harlin O'Connell* of counsel], for the appellant.

*Goldstein & Goldstein* [*Joseph W. Ferris* of counsel], for the respondent.

PAGE, J.:

The plaintiff alleges three causes of action for money had and received, set forth in the form of a common count in common-law pleading. Such form has been approved as a sufficient statement of a cause of action as against a demurrer.

The affidavit practically states the same ultimate facts without stating evidentiary facts tending to prove the causes of action. We have repeatedly held that: "An affidavit in support of an attachment must contain evidence from which the court can determine that the ultimate facts stated in the pleadings can be substantiated." (*Makepeace* v. *Dilltown Smokeless Coal Co.*, 179 App. Div. 662, 664.) The affidavit fails in this particular and the motion should have been granted.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.