J. D. SILBERSTEIN & SONS, INC., Plaintiff, v. WALTER G. LIBBY et al., Defendants.

Supreme Court, New York Special Term, February, 1924.

Sales — breach of warranty — remedy provided by Personal Property Law, § 150(a) not exclusive — allegation of payment not necessary to sustain complaint.

The remedy provided by section 150(a) of the Personal Property Law is not exclusive, and the plaintiff in an action to recover damages for breach of warranty of the goods sold need not allege payment or an offer to pay or that he was ready, able and willing to pay.

MOTION to dismiss complaint.

Robert P. Levis (Gerald B. Rosenheim, of counsel), for motion.

G. S. P. Kleeberg, opposed.

WASSERVOGEL, J. Plaintiff sues to recover damages for breach of warranty of certain merchandise purchased by it from defendants. The sufficiency of the complaint is challenged upon the ground that there is no allegation of payment or offer of payment or that plaintiff was ready, able and willing to pay.

Subdivision b of section 150 of the Personal Property Law provides that where there is a breach of warranty by the seller the buyer may, at his election, " accept or keep the goods and maintain an action against the seller for damages for the breach of warranty." Of course, the buyer, if he accepts the goods, must pay for them. Payment or offer to pay is, however, not a condition precedent to the commencement of an action for breach of warranty. Nor should the buyer be required to wait until he is sued for the purchase price to set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price. The remedy provided for in subdivision a of section 150 of the

Personal Property Law is not exclusive. A seller of merchandise knowing that a purchaser had sustained damage in excess of the purchase price might conclude not to institute suit to recover same, in which event, if defendant's argument were sustained, the purchaser would be without remedy. The case of *Makepeace* v. *Dilltown Smokeless Coal Co.*, 179 App. Div. 60, 61, cited by defendant, does not apply to the facts here presented. There is nothing to prevent defendant from denying the allegations of the complaint as to the breach of warranty, if the facts warrant such denial, and interposing a counterclaim for the purchase price. The entire issue would then be before the court and an appropriate judgment could be rendered. Motion to dismiss complaint denied, with ten dollars costs, with leave to defendant to answer within twenty days upon payment of such costs.

Ordered accordingly. ·