BUSCHMAN et al. v. IWAI & CO., Limited.

(District Court, S. D. New York. February 25, 1924.)

Sales &—151—Sellers, suing for breach, must prove they were willing and able to perform.

In sellers' action against buyer in foreign country for breach of contract to purchase steel, under a contract providing for shipment on receipt of extensions of export licenses for which applications were pending, sellers were required to prove that they were ready, willing, and able to carry out the contract, notwithstanding buyer's failure to secure extensions of export licenses, and regardless of whether such failure made tender by sellers unnecessary.

At Law. Action by Abraham L. Buschman and another against Iwai & Co., Limited. Complaint dismissed.

Samuel J. Siegel, of New York City (William Kaufman, of New York City, of counsel), for plaintiffs.

Murray, Hollaman & Lockwood, of New York City (R. D. Murray, of New York City, of counsel), for defendant.

GODDARD, District Judge. The plaintiffs, a New York corporation, sue the defendant, a Japanese corporation, for damages alleged

to have been sustained by reason of the breach of a contract entered into by them on the 27th day of August, 1918, at New York. Under this contract the defendant contracted to purchase and the plaintiffs contracted to sell 700 long tons of mild steel black sheets, of specified dimensions and gauges, at prices ranging from $8 to $8.30 per 100 pounds, and was conditioned, inter alia, as follows:

"Original export licenses covering above are Nos. 3154867 and 3154589, and we have applied for extension of the licenses, and above order is placed subject to such extension being granted."

Shipment—i. e., delivery—was to be on receipt of the extensions of the export licenses for which the applications were pending.

On August 21, 1918, which was about a week before the execution of the contract, defendant had applied for an extension of the export licenses. After the filing of the application for extension with the War Trade Board by the defendant, nothing more was heard from the board until the 9th day of October, 1918, at which time a letter was received by the defendant from the War Trade Board, which stated that the applications for the extension of the license "have been canceled," and further stated that a new ruling had been released by the War Trade Board as of October 9, 1918, and, "if you desire to reapply for export licenses, you should do so in conformity with such rule."

No further application was filed, and there is conflict in the testimony as to just what happened in the interval between October 9 and November 19, 1918, when the defendant wrote a letter to the plaintiffs as follows:

"We refer to our contract No. 1134 to you, dated August 27, 1918, for 700 long tons of mild steel black sheets. Under the circumstances we feel that it would be best to consider this order canceled, especially in view of the lapse of time. Please let us have your confirmation of the above."

Plaintiffs' reply to this communication was the bringing of the present suit.

Plaintiffs contend that defendant should have reapplied for the export licenses on the new forms, and that its failure to do so was a breach of the contract, and also that the letter of November 19th was a cancellation of the contract because of lapse of time. The plaintiffs, in paragraph X of their complaint, alleged as follows:

"The plaintiffs have been at all times ready and willing and able to carry out the terms and conditions of said agreement, and have been ready, willing, and able to deliver to defendant the said steel sheets in said agreement mentioned, in accordance with the terms and conditions thereof, and plaintiffs have duly performed all the terms and conditions of said agreement on their part to be performed,"

—which allegation is denied by the defendant in its answer. Upon the trial the plaintiffs did not prove that they were ready, willing, and able to carry out the terms of the contract, and contend that, because of defendant's refusal to apply for the license and its cancellation of the contract, they were not called upon to make a tender, or to show that they were willing and able to carry out the contract. The de-

fendant has moved to dismiss the complaint upon several grounds, including this one.

In view of the fact that the license had not been secured, and that it was therefore obvious that plaintiffs could not ship the steel, plaintiffs were probably relieved from making the tender, but it is necessary for the plaintiffs to show that they were ready and able to carry out their part of the contract. In Nelson v. Plimpton Fireproof, etc., Co., 55 N. Y. 480, 484, Judge Allen states:

" * * * An actual tender of performance may be excused, when there is a willingness and an ability to perform, and actual performance has been prevented or expressly waived by the parties to whom performance is due."

In Bigler v. Morgan, 77 N. Y. 312, the court said:

"However positively a vendee may have refused to perform his contract, and however insufficient the reason assigned for his refusal, he cannot be subjected to damages without showing that he would have received what he contracted for, had he performed. Heron v. Hoffman, 3 Rawle, 393, 400; Bank of Columbia v. Hagner, 1 Pet. 464; Travor v. Halsted, 23 Wend. 66."

In Eddy v. Davis, 116 N. Y. 247, 251, 22 N. E. 362, 363, the court said:

"The formal requisite of a tender may be waived, but to establish a waiver there must be an existing capacity to perform."

These last two cases are cited with approval by Circuit Judge Gilbert in Gray v. Smith et al. 83 Fed. 824, 829, 28 C. C. A. 168. To the same effect are Strasbourger v. Leerburger, 233 N. Y. 55, 134 N. E. 834; Makepeace v. Dilltown Smokeless Coal Co., 179 App. Div. 60, 166 N. Y. Supp. 92; Stokes v. Mackey, 82 Hun, 448, 31 N. Y. Supp. 706; Stern v. McKee, 70 App. Div. 142, 147, 75 N. Y. Supp. 157.

In view of the plaintiffs' failure of proof in this respect, it is unnecessary to consider whether or not the defendant's failure to reapply for an export license was a breach of the contract, or whether defendant's letter of November 19, 1918, constituted a cancellation of it, and accordingly the complaint should be dismissed.

Motion to dismiss complaint is granted, with costs.