MILLER BROS. CONSTRUCTION CO., INC., Respondent, *v.* THE THEW SHOVEL COMPANY, Appellant, Impleaded with HARLEM VALLEY CONSTRUCTION CO., INC., and Another, Defendants.

First Department, June 23, 1936.

*Albert Levine* of counsel [*Levine & Levine,* attorneys], for the appellant.

*Philip Lerman* of counsel [*George M. Simon,* attorney], for the respondent.

COHN, J.   The appellant, The Thew Shovel Company, a foreign corporation, was the only defendant served with process.

The complaint charges The Thew Shovel Company and the other defendants with the conversion of two shovel cranes. The affidavits submitted in support of the warrant of attachment set forth that upon information and belief the plaintiff's property had been wrongfully seized from its possession by defendants and that the cranes were shipped by defendants outside the State and consigned to and received by The Thew Shovel Company at Lorain, Ohio. Affidavits and documents submitted by appellant establish that the cranes were purchased by defendant Harlem Valley Construction Co., Inc., at a sheriff's sale in Schuyler county, on December 30, 1935, which sale was had by virtue of an execution issued against plaintiff's property following a default judgment taken by a creditor of plaintiff. It further appears from copies of bills of lading and affidavits submitted by appellant that both cranes were shipped to the plant of The Thew Shovel Company at Lorain, Ohio, on January 9, 1936, by R. G. Miller in behalf of Harlem Valley Construction Co., Inc. Plaintiff's affidavits completely failed to set forth evidence supporting the allegations of the complaint which charge defendant-appellant with the conversion of these cranes. To sustain an attachment, evidence tending to support the allegations of the complaint must be found in the papers upon which the attachment is based (*Hart* v. *Page Mfg. Co.*, 187 App. Div. 296), and affidavits in support of an attachment must contain evidence from which the court can determine that the ultimate facts stated in the pleading can be substantiated. (*Ladenburg* v. *Commercial Bank*, 87 Hun, 269; affd., 146 N. Y. 406; *Makepeace* v. *Dilltown Smokeless Coal Co.*, 179 App. Div. 662.)

Plaintiff's claim set forth in its affidavits in opposition to the motion to vacate the warrant of attachment is that defendant Robert G. Miller, a vice-president of plaintiff, organized the Harlem Valley Construction Co., Inc., and by fraud permitted a default judgment to be obtained by a creditor against plaintiff; that thereafter the Harlem Valley Construction Co., Inc., purchased the cranes at the sheriff's sale and that Miller thereafter shipped the cranes out of the State to appellant for the purpose of defrauding plaintiff.

If it is assumed that these facts are all established, there is not the slightest proof that appellant had any knowledge of the fraud, or that it played any part in the alleged conspiracy to defraud plaintiff. That the cranes were sent to The Thew Shovel Company for reconditioning and repair by the corporation which has now title to the property, appears unquestioned. Upon the original claim of plaintiff as set forth in the complaint and even upon its later charge, there appears to be no basis in law for granting the warrant of attachment against The Thew Shovel Company.

The order should be reversed, with twenty dollars costs and disbursements, and appellant's motion to vacate the warrant of attachment and to set aside the services of the summons and complaint on The Thew Shovel Company outside the State should be granted.

MARTIN, P. J., McAVOY, TOWNLEY and UNTERMYER, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.