Leon H. GLASER, Plaintiff-Appellant,

v.

NORTH AMERICAN URANIUM & OIL CORP., a corporation, Defendant-Appellee.

No. 224, Docket 23390.

United States Court of Appeals Second Circuit.

Submitted March 11, 1955.

Decided May 17, 1955.

Schmidt, Egan, Kenny, Smith & Murray, New York City, for appellant; Michael J. Kenny, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for appellee; Stephen P. Duggan, Jr., Burton M. Abrams, Robert W. Bjork, New York City, of counsel.

Before MEDINA and HINCKS, Circuit Judges, and BURKE, District Judge.

BURKE, District Judge.

Plaintiff, a citizen and resident of California, brought this action in the Southern District of New York for breach of contract against North American Uranium & Oil Corp., a Delaware corporation, invoking federal jurisdiction on the ground of diversity of citizenship. The complaint was duly filed with the Clerk of the District Court. There was also filed a written request for a warrant of attachment supported by plaintiff's affidavit dated October 4, 1954. On the same day a warrant of attachment was issued out of the District Court. The warrant was delivered on October 6, 1954 to the United States Marshal for execution. The Marshal made a levy and seized a deposit of the defendant in the Public National Bank & Trust Co. of New York in the sum of $107,000. On October 6, 1954 a copy of the summons and complaint was delivered to James J. Crisona, then secretary-treasurer of the defendant, at his law office in New York.

The defendant moved in the District Court to vacate and set aside the war-

rant of attachment and the levy on the grounds stated in his papers as follows:

"(1) That at the time of the issuance of the aforesaid warrant of attachment the defendant was a foreign corporation not doing business within the State of New York and the action was brought on behalf of the plaintiff, a non-resident, and the Court has no jurisdiction under the provisions of Section 225 of the New York General Corporation Law [McKinney's Consol.Laws, c. 23] of either of the parties or of the subject matter hereof; and

"(2) That the papers upon which the aforesaid warrant of attachment was granted are insufficient to confer jurisdiction upon this Court in that they do not establish a prima facie cause of action in favor of the plaintiff against the defendant".

The District Court granted the motion on both grounds in a brief memorandum decision dated November 4, 1954. No order was entered. The plaintiff, treating the memorandum decision as an order, filed a notice of appeal to this Court.

■ The defendant argues that the order is not appealable since it is not a final decision terminating the litigation on the merits. We hold that it is appealable because it finally determines a claim of right "separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528; Swift & Co. Packers v. Compania Columbiana Del Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206. Republic of Italy v. De Angelis, 2 Cir., 206 F.2d 121. Should the plaintiff be denied appellate review until the whole case is finally adjudicated, judicial support of his position as to the validity of the attachment at that stage would in all probability be a hollow victory. It may well be doubted whether rejuvenation of the attachment even now would be of any value, since no stay of the order vacating the warrant and levy was obtained and there are now no funds under the Marshal's control. That, however, is not our concern. It is not for us to say whether the remedy he seeks to vindicate by this appeal will benefit him. Our function is to determine whether he is legally entitled to it.

■ Attachment was available to the plaintiff under the circumstances and in the manner provided by the law of New York. Federal Rules of Civil Procedure, Rule 64, 28 U.S.C.A. But the question of the right to attachment is not one of pleading merely. What is sufficient for a pleading may not be enough to justify attachment. The existence of a cause of action coming within the statute and the damages recoverable must be proved by affidavit. Zenith Bathing Pavilion v. Fair Oaks S. S. Corp., 1925, 240 N.Y. 307, 311, 312, 148 N.E. 532. Affidavits in support of an attachment must contain evidence from which the court can determine that the ultimate facts stated in the pleading can be substantiated. Miller Bros. Construction Co. v. Thew Shovel Co., 1936, 248 App.Div. 150, 151, 288 N.Y.S. 944; Abdun-Nur v. Arbeed, 1921, 198 App.Div. 795, 191 N.Y.S. 38; Makepeace v. Dilltown Smokeless Coal Co., 1917, 179 App.Div. 662, 664, 167 N.Y.S. 83.

■■ Plaintiff's affidavit filed in support of his application for a warrant of attachment was plainly insufficient to establish that he has a prima facie cause of action on contract for a stated sum of money, over and above all counterclaims known to him, as required by New York Civil Practice Act, §§ 902 and 903. In accordance with C.P.A. § 949, the defendant moved upon proof to vacate the warrant and levy. The affidavit submitted in support of the motion had annexed as exhibits not only the written agreement sued upon, but also other written agreements pertinent to the con-

troversy, together with other proof which not only indicated that nothing was due to the plaintiff, but also showed that the plaintiff's claim is based primarily on an agreement which was the result of fraudulent transactions in which the plaintiff participated and benefited to the detriment of the defendant, and that on the basis of those transactions the defendant has either a valid defense to the asserted claim or a valid counterclaim against the plaintiff. While the plaintiff had a right to oppose defendant's application "as a matter of course, by new proof on the part of the plaintiff," Sec. 949, C.P.A., nothing of any probative value was submitted on plaintiff's behalf. Consequently the District Court had no alternative but to grant the motion. In this connection it is significant that ample opportunity for the submission of such proof was given, not only by the District Court, but by this Court prior to its denial of plaintiff's motion for a stay pending appeal from the order vacating the attachment and levy. Since plaintiff has failed to establish that he has a prima facie cause of action against the defendant, we need not be concerned with other questions raised and decided below.

Affirmed.