PFALTZ & BAUER, INC., Respondent, *v.* ROBERT O. WIENER, Appellant.

First Department, February 21, 1918.

Principal and agent — misrepresentation of authority to act as agent — election to hold as principal agent who misrepresents authority — attachment — moving papers — failure to embody evidence establishing agency.

Where a person falsely holds himself out as an agent of another the person with whom he deals may elect to hold him as a principal.

A plaintiff who seeks to sustain a warrant of attachment upon the ground that the person with whom the contract involved in the suit was made was an agent of the defendant, must not omit from his moving papers readily available evidence of the existence of the agency.

APPEAL by the defendant, Robert O. Wiener, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of December, 1917, denying his motion to vacate or reduce a warrant of attachment herein.

*Theodore B. Richter* of counsel [*Abraham L. Gutman* with him on the brief; *Robert M. Gluck,* attorney], for the appellant.

*Lynn W. Thompson,* for the respondent.

SHEARN, J.:

The plaintiff's claim arises out of an alleged sale to it of Spanish licorice root by the defendant, a resident of London. The transaction was conducted entirely with one Warschauer, and the validity of the attachment sought to be vacated depends upon proof of Warschauer's agency. There is no competent proof whatever that Warschauer was an agent of the defendant in the transaction. He pretended to be an agent and the situation was such as to lead the plaintiff to believe that he was defendant's agent, but neither Warschauer's declarations nor the plaintiff's belief constitute proof of agency. Even if there were proof of agency, the plaintiff was in a position where, as shown by the affidavit of its president, it could have elected to hold Warschauer

as a principal. The plaintiff claimed that the oral contract on which it bases its rights was confirmed by a letter that it addressed to Warschauer, yet for some reason this letter is not incorporated in the affidavit in support of the attachment. The omission to exhibit this letter naturally leads to the inference that it would show that plaintiff was dealing with Warschauer as a principal.. While the letter would not afford any proof of Warschauer's agency, it might afford very persuasive evidence that plaintiff was not dealing with him as an agent. In attachment cases, where the contract sued upon depends upon proof of agency, the court has recently condemned the practice of omitting from the affidavits available evidence which might aid the court in determining whether the ultimate facts stated in the pleadings have been or can be substantiated. (*Makepeace* v. *Dilltown Smokeless Coal Co.*, 179 App. Div. 662.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the attachment vacated.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and attachment vacated.