Hyman Korn, J.
This is a motion made by the defendant to vacate a warrant of attachment or, in the alternative, reduce the amount thereof and increase plaintiff’s bond. It is well to recite the facts in the case.
Plaintiff, a resident of the State of New Jersey, a truck driver, allegedly was injured by a falling clock in one of the defendant’s stores on December 14, 1955. An action for personal injuries was commenced by the service of a summons and complaint on June 20,1957 which was answered by the defendant on June 28, 1957 together with a request for a bill of particulars. The plaintiff served the bill of particulars on or about July 17, 1957.
Thereafter, on July 25, 1957, the plaintiff obtained a warrant of attachment in the sum of $6,000 against the defendant, the basis of which was that the action was for recovery of money only and that the defendant was a foreign corporation, also of the State of New Jersey (Civ. Prac. Act, §§ 902, 903). The affidavits in support of the application for the warrant of attachment showed that the defendant had an executive office at 420 Lexington Avenue, New York City, that the service of the summons and complaint were made at that address, that the defendant had a Bronx executive office and warehouse at 370 Southern Boulevard in The Bronx and has other places of business at other locations in the city of New York.
It is alleged in the moving papers that after some preliminary discussion of settlement, which evidently were not satisfactory to the plaintiff, a warrant of attachment was obtained. It appears that on July 26, 1957, after some conversation between the respective attorneys herein, that a levy was made and that cash in the sum of $7,500 was seized in one of the defendant’s stores.
On the 13th day of August, 1957 a motion to vacate the warrant was made by the defendant on the original papers, no affidavits being submitted in connection therewith. Said motion was granted and an order to that effect was entered. The order also provided that all levies made pursuant to the attachment were vacated, annulled and set aside, and directed that the moneys be paid over and delivered by the Sheriff to the defendant.
The plaintiff appealed from said order to the Appellate Term, First Department, and the order appealed from was, on November 21, 1957, reversed without prejudice to a renewal on affidavits showing that the warrant of attachment is oppressive, *135 or other grounds for the exercise of the court’s discretionary power.
To date this case has not been noticed for trial.
The present motion asking for a vacatur of the attachment contains affidavits showing why this relief should be grantéd. One affidavit by the secretary of the defendant corporation appends a copy of the most recent financial balance sheet of the corporation (Feb. 27, 1957), which he certifies to be a true copy, and which shows assets running into nine figures.
The granting of a warrant of attachment is discretionary and not a matter of right, and in its very nature is a provisional remedy. Even though a party may show the basic requirements of sections 902 and 903 of the Civil Practice Act, relied upon by the plaintiff herein, the court need not grant attachment. (Haebler v. Bernharth, 115 N. Y. 459.)
The purposes of an attachment are twofold. One is to obtain jurisdiction of a nonresident defendant. In the instant case personal service of the summons and complaint was made within the city of New York, and has been answered by the defendant. Therefore, the attachment of its property serves no jurisdictional purpose. The second purpose is to secure the payment of the judgment, which plaintiff expects to recover. This would be the only purpose of the plaintiff herein.
Attachment is an extraordinary remedy in that it permits the seizure of the defendant’s property prior to the adjudication of the claim and the determination of liability. The right to make such seizure should be and is carefully circumscribed. It runs counter to the fundamental common-law concept that before depriving a defendant of his property, opportunity for proper adjudication should be afforded. (Cf. Rowles v. Hoare, 61 Barb. 266, 270; Reich v. Spiegel, 208 Misc. 225, 230; Seventh Annual Report of N. Y. Judicial Council, 1941.)
Due to the harsh nature of this remedy, sections 902 and 903 of the Civil Practice Act should be construed in accordance with the general rule applicable to statutes in derogation of the common law, strictly in favor of those against whom it may be employed (Penoyar v. Kelsey, 150 N. Y. 77, 80).
The granting of a warrant of attachment must be carefully weighed because of the irreparable injury that may be done to the party against Avhom it is sought. Where, as here, the court has already acquired jurisdiction of the person, there must be a showing that the objective (judgment) Avill not be realized, i.e., that the defendant will dissipate or remove and conceal its assets. There being not such danger here the res serves only *136 as security of plaintiff’s claim, and virtually underwrites it in advance of trial.
The court must retain discretion in the granting of a warrant of attachment, and can vacate a warrant previously granted where further clarification shows that to do otherwise would be oppressive and work a hardship. Judicial discretion to some extent is regulated by usage. In fact, it is common knowledge and practice that an attachment is rarely granted in a negligence case, and then only in a particular exigency — the only means of obtaining jurisdiction over a defendant.
To permit the practice of granting warrants of attachment in cases of this type would be the creation of an abuse that would defeat the very purpose for which warrants of attachment were intended. After a careful study of the facts in this case, it is the court’s opinion that the warrant of attachment is oppressive. In the exercise of the court’s judicial discretion, the motion of the defendant to vacate and set aside the warrant of attachment is granted.
Submit order.