Henry Epstein, J.
Defendants move to vacate warrants of attachment issued on the basis of plaintiff’s application by order to show cause. The causes of action spelled out in the moving affidavits are in the nature of alleged fraud inducing a contract. The attachment is against property of the International Ferment Machinery Company in Rockland County, New York, which is engaged largely in manufacturing equipment for jet planes for the armed forces of the United States. This company is a division of the defendant WPC Enterprises, Inc. The attachment is practically all inclusive. The defendant L. E. Waterman Pen Company Ltd. is a foreign corporation operating variously through subsidiaries throughout the world. Two agreements were entered into between the ‘ ‘ Waterman interests ” (Waterman Pen Company Inc., now known as WPC Enterprises, Inc.) and Marcel Bich, a French manufacturer of ball-point pens. The plaintiff Waterman-Bic Pen Corporation was formed to take over the properties sold. No actual moneys were paid, but plaintiff’s stock was divided, 40% to “ sellers ” (now the defendants) and 60% to the purchasers. The actual shares were so divided, 800 and 1,200 shares respectively. The liabilities of the subsidiary thus purchased were to be assumed by the new company, plaintiff now.
The primary agreement is dated October 3, 1958 and a comprehensive schedule of assets, but not all inclusive, was attached to the said agreement. The date for the said schedule’s fact situation was fixed as of August 31, 1958. The 40% or 800 shares were the consideration for the scheduled assets. These *422 provisions are significant in weighing the problem presented herein: “ any decrease in value of the inventory and of the accounts receivable not in excess of $150,000 will not be deemed to constitute a breach of warrant[y].” Should the deficiency in the inventory or the receivables exceed $150,000, the sellers could “ at their election, either (to) pay Waterman Pen Corporation [i.e., the new corporation] the amount of such deficiency in cash or surrender to Waterman Pen Corporation such proportioned number of shares, the stated value of which shall be equal to such deficiency on the ratio of 40% equal to one million dollars. ” (Italics supplied.)
On November 14,1958, the very next month following, a second agreement was executed, modifying in certain particulars the October 3 or “ Basic Agreement.” Many details not contained in the so-called £ £ Basic Agreement ’ ’ are now provided, but significantly no change was made respecting either inventory or accounts receivable. There was also no change in the warranty of the October 3 agreement and the deficiency obligation of the sellers (re the excess of $150,000 in receivables). In such case the seller could “ surrender to the Purchaser such proportionate number of shares of stock of Class B of the Purchaser, the stated value of which at the time of issuance thereof shall be equal to such deficiency, oh the ratio of Eight Hundred (800) shares equal to One Million Dollars ($1,000,000).” Arbitration was provided when deficiency in the inventory was claimed.
The purchaser (plaintiff) took possession of the plant at Seymour, Connecticut. There has been no repudiation of contract and no tender of the properties taken over by plaintiff. Apparently plaintiff found the transaction not as profitable as it had hoped. The action is more than one for the recovery of ‘ ‘ a sum of money only. ’ ’ Plaintiff has not done what is required to obtain the claimed emergency relief (Vail v. Reynolds, 118 N. Y. 297, 302; Civ. Prac. Act, §§ 902, 903). Its first cause of action proceeds on the basis of the contract itself and an affirmance thereof. It seems to this court that Saviero Bros. Contr. Corp. v. City of New York (286 App. Div. 435, affd. 2 N Y 2d 924) is applicable to the presently reviewable facts. By the contract’s own terms defendants have an option to pay or to return their stock in plaintiff. In the light of plaintiff’s stand on the contract, the remedy is therein provided. On the argument of this motion, defendants’ counsel offered to place in escrow, as evidence of good faith and security for what claim plaintiff may have, the 800 shares of plaintiff corporation. On all the papers before the court at present, plaintiff does not *423 make out a proper cause for sustaining the attachment levied. The supporting papers do not make out a prima facie case to sustain the attachment. (Brown v. Chaminade Velours, 176 Misc. 238, affd. 261 App. Div. 1071.) The very terms of the contracts here provide a self-executing method of compensation and negative the inference plaintiff asks the court to draw — of fraud. Where the attachment is likely to he oppressive, as here, and may work irremediable hardship, discretion of the court is called in aid of the oppressed. (Elliott v. Great Atlantic & Pacific Tea Co., 11 Misc 2d 133, affd. 11 Misc 2d 136.)
The present bond for $20,000 furnished by plaintiff is shown to be wholly inadequate. Were this court to fix such security for permitting the attachment to stand, it would call for at least $500,000. But this contract provides its own security, and, on placing the 800 shares of plaintiff with the court as security, the attachment will be vacated.
Settle order.