**Leonard WALLACH, Plaintiff,**

v.

**Philip LIEBERMAN, trading under the firm name and style of MRM Contracting Co., Defendant.**

United States District Court
S. D. New York.
July 10, 1963.

Jacob Rassner, New York City, for plaintiff.

Terhune, Gibbons & Mulvehill, New York City, for defendant.

RYAN, District Judge.

Plaintiff, a painter and former employee of defendant, filed this suit on August 16, 1960 to recover for personal injuries he alleges he sustained on September 2, 1954 in the course of his employment by defendant and while working for him on a painting contract job being carried out by defendant in the United States Post Office and Courthouse Building, in Brooklyn, New York City. Jurisdiction is alleged under Section 1331(a), Title 28, U.S.C., and plaintiff alleges the claim in suit arises under the Constitution, laws or treaties of the United States.

Defendant has moved to dismiss under Rule 8(a) and 12(b), F.R.Civ.P. on the ground that the complaint fails to state a claim for relief and that the Court has no jurisdiction.

Defendant has also moved for summary judgment under Rule 56 F.R.C.P. on the ground that

1. the claim is barred under the Workmen's Compensation Law of the State of New York; and

2. the claim is barred by the applicable New York Statute of Limitations.

It is not in dispute that both plaintiff and defendant are citizens of the State of New York and this Court has no jurisdiction by reason of diversity.

It is also not in dispute that plaintiff was injured on September 2, 1954 in the course of his employment as a painter by the defendant, a painting contractor; that defendant at that time carried a policy of Workmen's Compensation Insurance issued by The Travelers Insurance Company which included plaintiff as a covered employee; and that plaintiff signed and filed an "Employee's Claim for Compensation" with the New York Workmen's Compensation Board for all benefits due him under the New York Workmen's Compensation Law, as amended, for the injuries he sustained on September 2, 1954 while working in the employ of defendant at the "Brooklyn Post Office, Washington St.". It is also fact of record that on May 16, 1956 plaintiff was awarded by the Board, after hearing at which he was represented by attorney, the sum of $3146.40 as compensation computed at the rate of $36 per week for a period of 87⅖ weeks from September 3, 1954 to May 8, 1956 and that, in all, compensation payments have been made to him on this claim totalling almost $20,000.

We have taken judicial notice of the file record of this Court in Civil 112–33, a suit filed on August 8, 1956 by the plaintiff herein against the United States of America under the Federal Torts Claims Act, alleging a claim predicated upon the same occurrence and incident as pleaded in the suit now before us. There it was alleged that plaintiff was at the time, September 2, 1954 employed by the M. R. M. Contracting

Company; that plaintiff on that day sustained personal injuries while so employed and working at the Federal Post Office Building at 241 Washington Street, Brooklyn, New York "as a result of the reckless, careless and negligent conduct of the United States of America." This federal tort claim suit was tried by the Court (Dawson, J., Wallach v. United States, D.C., 184 F.Supp. 785) on June 1 and 2, 1960; judgment was rendered and entered for the defendant dismissing the complaint, and on appeal was affirmed (2 Cir., 291 F.2d 69). It was there found that plaintiff's employer was an independent contractor. The trial court wrote in part:

> "* * * that plaintiff must accept the status of Lieberman, his employer, as that of an independent contractor. As an employee of Lieberman, he, of course, received Workmen's Compensation. Any assertion that plaintiff was an employee of the Government would be fatal to his suit, since his exclusive remedy for injuries suffered as an employee of the United States would be that provided for by the Federal Employees Compensation Act, 5 USC 751, et seq. * * *"

The trial court also noted that:

> "On the issue of liability both sides concede that the law of New York is controlling on the questions presented."

Indeed, this was and still is so.

We pause for a moment to again observe that diversity jurisdiction is not alleged or pleaded. If in fact it were, plaintiff is precluded from suit by his filing a claim with the State board and by the subsequent awards made to him and his acceptance of them (Shanahan v. Monarch Engineering Co., 219 N.Y. 469, 114 N.E. 795; Doca v. Federal Stevedoring Co., 280 App.Div. 940, 116 N.Y.S.2d 25, aff'd 305 N.Y. 648, 112 N.E.2d 424).

It is the defendant's position that the provisions of Section 290, Title 40, U.S.C., make the New York Workmen's Compensation Law applicable to the claim in suit and that it must be dismissed. We agree.

Plaintiff, in briefs filed in support of its motion to strike defendant's defenses and in opposition to defendant's motion for summary judgment, has attempted to attack the constitutionality of Section 290, Title 40, U.S.C., which, in effect, extends State Workmen's Compensation laws to buildings of the United States and to that extent "vests in the several states within whose exterior boundaries such place may be, insofar as the enforcement of State workmen's compensation laws are affected, the right, power, and authority * * *." of enforcing and requiring compliance with the State Workmen's Compensation laws. This belated attempt is not sufficient to raise the question of constitutionality of a statute. At the very least, such a challenge should be made by a complaint sufficiently well pleaded to give notice that the question is being raised (28 U.S.C.A. § 2403). The complaint is silent in this respect in spite of the fact that, as late as February, 1963 (two and one-half years after the original complaint was filed), plaintiff sought to and received leave to amend his complaint. Obviously, the attack on the constitutionality was an afterthought. However, in order to put an end to this vexatious and worthless litigation with which two District Judges and the Court of Appeals have been burdened, we have assumed that the point has been properly raised.

This precise challenge to the constitutionality of the statute was presented in Capetola v. Barclay White Co., D.C., 48 F.Supp. 797, 3 Cir., aff'd 139 F.2d 556; cert. denied, 321 U.S. 799, 64 S.Ct. 939, 88 L.Ed. 1087. We apply that holding to this suit and conclude that the complaint must be dismissed.

In order to dispose of the complaint on the merits, we have also assumed that the Court has jurisdiction over the claim as pleaded. The validity of the statute and the case law upholding it, which dispose of this suit on the mer-

its, make it all too clear that the claim sought to be pleaded by plaintiff is "so attenuated and unsubstantial as to be absolutely devoid of merit" (Newburyport Water Co. v. Newburyport, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795) and so "frivolous" (Bell v. Hood, 327 U.S. 678, 683, 66 S.Ct. 773, 90 L.Ed. 939) as to justify its dismissal upon the ground of lack of jurisdiction. Baker v. Carr, 369 U.S. 186, 199, 82 S.Ct. 691, 7 L.Ed.2d 663.

Defendant's motion to dismiss for lack of jurisdiction is granted as is also its motion for summary judgment. The Clerk is directed to enter judgment forthwith dismissing this suit upon the merits with costs and it is so ordered.