RALPH HOCHMAN & COMPANY, Plaintiff,

v.

FORT STANWIX MFG. CO., Inc., Defendant.

Civ. A. No. 67–CV–297.

United States District Court
N. D. New York.

Feb. 26, 1968.

See also D.C., 284 F.Supp. 995.

Richard D. Grossman, of Langan, Grossman, Kinney & Dwyer, Syracuse, N. Y., for plaintiff.

James T. Griffin, of O'Shea, Griffin, Jones & McLaughlin, Rome, N. Y., for defendant.

TIMBERS, District Judge.[*]

Defendant having filed a motion on December 4, 1967 to dismiss the com-

* Chief Judge of the District of Connecticut, sitting by designation.

plaint in the instant action, which was commenced on August 30, 1967, "on the ground that the institution and prosecution by plaintiff against defendant, in this Court, of Civil Action 9702, which action was instituted in August, 1963, constituted an election of remedies by plaintiff which bars and precludes plaintiff from maintaining the above entitled action"; and

The Court having heard arguments of counsel at Syracuse on January 8, 1968, and having received and considered the complaint, answer, motion, affidavits, exhibits and briefs of counsel; and

The Court having construed defendant's motion to dismiss as a motion for summary judgment based upon defendant's seventh affirmative defense, Rule 56, Fed.R.Civ.P., since matters outside the pleadings have been presented to, and not excluded by, the Court,[1] pursuant to Rule 12(b), Fed.R.Civ.P.; and

 The Court being of the opinion that defendant's motion, thus construed, should be denied, since defendant is not entitled to judgment as a matter of law for the reasons that

(1) This being a diversity action[2] for breach of contract, the substantive law of New York, as the forum state, must be applied in ruling upon defendant's claim based on the doctrine of election of remedies. Erie v. Tompkins, 304 U.S. 64 (1938).[3]

(2) Plaintiff's claim in the instant action for breach of that provision of the May 23, 1961 contract pursuant to which plaintiff was to be permitted, as exclusive agent, to sell the physical assets of defendant's business prior to December 1, 1961, is not so irreconcilable with plaintiff's earlier claim in Civil Action 9702 (that it was entitled to brokerage commissions as a result of the August 12, 1961 agreement entered into between defendant and Mandell Industries) that plaintiff should be barred from maintaining the instant action by the harsh application of the doctrine of election of remedies. Smith v. Kirkpatrick, 305 N.Y. 66, 111 N.E.2d 209 (1953).

(3) Plaintiff has never disaffirmed the existence of the underlying contract of May 23, 1961; it has pursued two reconcilable claims, in

1. Proceedings in Ralph Hochman & Company v. Fort Stanwix Mfg. Co., Civil Action No. 9702, N.D.N.Y., in which Judge Port on May 16, 1967 granted summary judgment in favor of defendant on the ground that brokerage commissions "were not earned because the purchase price was not paid."

2. 28 U.S.C. § 1332(a) (1) and (c) (1964). The complaint in the instant action, although it alleges that plaintiff is a New Jersey corporation with its principal place of business therein, fails to allege the state of incorporation and principal place of business of defendant. The Court takes judicial notice, for purposes of this motion, that plaintiff alleged in its complaint in Civil Action No. 9702 that defendant was a New York corporation with its principal place of business in New York; and defendant alleges in its counterclaims in the instant action that it is a New York corporation. Plaintiff is granted 20 days from the date of this order to serve and file an amendment to its complaint alleging the state of incor-

poration and principal place of business of defendant.

Plaintiff also is granted 20 days from the date of this order to serve and file a reply to defendant's counterclaims as required by Rule 7(a), Fed.R.Civ.P.

3. This principle would include the application of the forum state's conflict of laws rule if a choice of law problem were presented. Here there is little question but that a New York court, pursuant to New York's grouping of contacts theory, would apply New York law. Although defendant mailed the brokerage agreement here involved to plaintiff in New Jersey for approval, the agreement involved the sale in New York of a New York corporation and its physical assets. Cf. Global Commerce Corp. v. Clark-Babbitt Industries, 239 F.2d 716 (2 Cir. 1956). In earlier proceedings involving these same parties and the same contract, Judge Port applied New York law. Ralph Hochman & Company v. Fort Stanwix Mfg. Co., 284 F.Supp. 995 (N.D.N.Y. 1967).

separate actions, based on separate provisions of said agreement.

it is therefore

ORDERED that defendant's motion to dismiss, construed as a motion for summary judgment based upon defendant's seventh affirmative defense alleging an election of remedies by plaintiff, be, and the same hereby is, denied.