**AEROTRADE, INC. and Aerotrade International, Inc., Plaintiffs,**

v.

**BANQUE NATIONALE DE LA REPUBLIQUE D'HAITI, Defendant.**

**No. 74 Civil 82.**

United States District Court,
S. D. New York.

May 24, 1974.

Regan, Goldfarb, Heller, Wetzler & Quinn, New York City, for plaintiffs; Howard Breindel, Jan D. Atlas, Robert Aronson, New York City, of counsel.

Andreas F. Lowenfeld, New York City, for defendant.

### OPINION

EDWARD WEINFELD, District Judge.

This action, commenced by plaintiffs, two Florida corporations, against Banque Nationale de la Republique d'Haiti ("Banque"), a corporation organized under the laws of the Republic of Haiti, may be considered a "back stop" action to another suit previously commenced by plaintiffs against the Republic wherein plaintiffs attached funds to the credit of Banque upon a claim that it was an arm or alter ego of the Republic of Haiti. The court has this day upheld the Republic's plea of sovereign immunity and vacated that attachment.[1]

Plaintiffs' present application seeks an attachment of Banque's property within this jurisdiction. The instant action involves the same contracts, equipment and services upon which plaintiffs' suit against the Republic of Haiti was

---

1. Aerotrade, Inc. v. Republic of Haiti, 376 F.Supp. 1281 (S.D.N.Y.1974).

based. Plaintiffs here allege two causes of action. The first, that the agreements were with the Republic *and* Banque, and that defendant Banque has failed to make payments due thereunder; the second, that Banque represented it would make the payments required under the agreements and that such representations were false and fraudulent and made with intent to induce plaintiffs to enter into the agreements, which it did in reliance upon such representations. The court, in the consideration of the motion for an attachment of Banque's funds, in addition to the affidavit submitted in support thereof, takes judicial notice of the record of the proceedings brought by plaintiffs against the Republic of Haiti.[2]

█ Plaintiffs, to obtain an attachment under New York law, which governs, are required to establish prima facie the existence of a cause of action,[3] a requirement that must be met when such relief is sought in a federal court.[4] The essential elements of the cause of action must be supported by evidential proof.[5]

█ Plaintiffs' allegations that the defendant, as well as the Republic, was a party to the agreements are at once challenged by its own averments in the prior suit against the Republic, where no claim was then advanced against Banque. Quite the contrary, the essential claim was that plaintiffs' contracts were with the Republic, and the written confirmation of their oral arrangement so indicates. All the invoices were directed to the Republic, as well as the correspondence. Indeed, plaintiffs submit in this action those very same documents, which by themselves show that their contracts and dealings were with the Haitian government and its officials. To be sure, while this is not conclusive, plaintiffs have presented no evidentiary matter in this action to support their claim that Banque also was a party to the agreement. The statement of plaintiffs' president that with one exception the terms of the agreements with the Government of Haiti were negotiated in the defendant's offices and that prior to the execution of the agreements he "was advised that it would be defendant's obligation to make the payments pursuant to the aforesaid agreements," does not establish that defendant became a party to the agreements. Who advised him of this? Was it an authorized representative of the defendant or of the Republic, or perhaps his own lawyer?

Equally questionable is plaintiffs' claim for fraud and deceit. Here the plaintiffs' president alleges that it was "only after the defendant's promise to plaintiffs to make the various monthly payments" that the agreements were entered into, and had it not been for said promise plaintiffs would not have executed the agreements. The person who allegedly made the promise (just as the person who allegedly advised the affiant of defendant's obligation) is not stated, nor is the representation articulated.[6] If the claim of fraud is lack of intent to fulfill the promise at the time of its making,[7] plaintiffs have not offered any

2. *See* Bradford v. Amsterdam, 424 F.2d 282 (2d Cir. 1970); Rader v. Manufacturers Cas. Ins. Co., 255 F.2d 404 (2d Cir. 1958); Ralph Hochman & Co. v. Fort Stanwix Mfg. Co., 284 F.Supp. 1000, 1001 n. 2 (N.D.N.Y. 1968); Wallach v. Lieberman, 219 F.Supp. 247, 248 (S.D.N.Y.1963), aff'd, 366 F.2d 254 (2d Cir. 1966).

3. N.Y.C.P.L.R. § 6212 (McKinney's Consol. Laws, c. 8, 1963).

4. *See* Glaser v. North American Uranium & Oil Corp., 222 F.2d 552, 554 (2d Cir. 1955); Reeder v. Mastercraft Electronics Corp., 297 F.Supp. 815, 818 (S.D.N.Y.1969); Worldwide Carriers, Ltd. v. Aris S.S. Co., 301 F. Supp. 64, 66 (S.D.N.Y.1968). *See also* Fed. R.Civ.P. 64.

5. Miller Bros. Const. Co. v. Thew Shovel Co., 248 App.Div. 150, 288 N.Y.S. 944 (1936); Pfaltz & Bauer, Inc. v. Wiener, 181 App.Div. 793, 169 N.Y.S. 223 (1918); 7A J. Weinstein, H. Korn & A. Miller, New York Civil Practice ¶ 6212.02 at 62–81 to 62–83 (1972).

6. *Cf.* Georgis v. Giocalas, 225 App.Div. 577, 233 N.Y.S. 16 (1929).

7. *Cf.* Deyo v. Hudson, 225 N.Y. 602, 122 N. E. 635 (1919); Adams v. Gillig, 199 N.Y. 314, 92 N.E. 670 (1910).

evidential support for such a claim. Upon the record as presented, there is sufficient doubt that plaintiffs have prima facie established their claims as to warrant denial, in the exercise of the court's discretion,[8] of the motion for the issuance of the attachment.

 There is a second basis for denying plaintiffs' motion. The New York Business Corporation Law[9] prohibits a nonresident of New York or a foreign corporation from maintaining a suit in New York against a foreign corporation except in specified circumstances, none of which is present in this case. Farrell v. Piedmont Aviation, Inc.[10] indicates that section 1314 must be given effect by a federal court in New York sitting in diversity cases. Plaintiffs and defendant are all foreign corporations. Since plaintiffs' right to maintain this action is questionable, it affords a further ground for the court's exercise of its discretion in denying plaintiffs' motion.

---

8. *Cf.* Waterman-Bic Pen Corp. v. L. E. Waterman Pen Co., 19 Misc.2d 421, 190 N.Y.S. 2d 48 (Sup.Ct.), rev'd on other grounds, 8 A.D.2d 378, 187 N.Y.S.2d 872 (1958); Elliott v. Great Atlantic & Pacific Tea Co., 11 Misc.2d 133, 171 N.Y.S.2d 217 (City Ct. 1957) aff'd, 11 Misc.2d 136, 179 N.Y.S.2d 127 (Sup.Ct.1958).

9. § 1314 (McKinney's Consol.Laws, c. 4 Supp.1973).

10. 411 F.2d 812, 815–817 n. 4 (2d Cir.), cert. denied, 396 U.S. 840, 90 S.Ct. 103, 24 L.Ed. 2d 91 (1969).