**MERRILL LYNCH GOVERNMENT SECURITIES, INC., Plaintiff,**

v.

**FIDELITY MUTUAL SAVINGS BANK, Defendant.**

**No. 74 Civ. 1964.**

United States District Court,
S. D. New York.

April 30, 1975.

Rogers & Wells, New York City, for plaintiff; Howard G. Kristol, John H. Carley, New York City, of counsel.

Witherspoon, Kelley, Davenport & Toole, Spokane, Wash., for defendant; William D. Symmes, Spokane, Wash., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, a Delaware corporation, instituted this action against defendant, a mutual savings bank incorporated in the State of Washington, to recover damages for breach of an option or standby contract to purchase government-backed mortgage securities.

Initially, plaintiff commenced the action by personal service of the summons and complaint upon defendant's Treasurer in the State of Washington. The defendant moved to dismiss the action for lack of personal jurisdiction, whereupon plaintiff ex parte applied for an order of attachment to obtain quasi-in-rem jurisdiction. The attachment was granted under New York State's attachment law upon the ground that the defendant was a foreign corporation.[1] Pursuant thereto the defendant's bank account at the Chase Manhattan Bank was attached to the full extent of plaintiff's claim, to wit, $185,000. In applying for the order of attachment the plaintiff noted the defendant's motion to dismiss for lack of personal jurisdiction as the reason for

---

1. N.Y.C.P.L.R. § 6201(1).

seeking alternative quasi-in-rem jurisdiction, further stating that should defendant submit to the personal jurisdiction of this court, it would consent to the vacatur of the order of attachment. Upon the attachment of the funds on deposit with the Chase Manhattan Bank, the attorneys for the defendant were promptly advised to that effect.

The matter now before the court is defendant's motion (1) to dismiss this action for lack of personal jurisdiction on the ground that it is not doing business in the State of New York; (2) to vacate the order of attachment on the ground that it was issued without prior notice and hearing in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, and that New York State's prejudgment attachment statute under which the attachment order was granted is unconstitutional; or, alternatively, (3) to transfer the action to the Eastern District of Washington pursuant to 28 U.S.C., section 1404(a).

As to the first branch of the defendant's motion, there is a substantial question as to whether defendant is subject to in personam jurisdiction under the "doing business" concept of New York law, which applies in this diversity action.[2] Since the court is of the view that quasi-in-rem jurisdiction was acquired in an amount sufficient to meet plaintiff's claim, there is no occasion to resolve this disputed issue of "doing business."

Defendant's challenge to the order of attachment rests principally upon Fuentes v. Shevin[3] and Sugar v. Curtis Circulation Co.,[4] a three-judge court ruling which held unconstitutional, insofar as New York defendants are concerned, those provisions of New York State's attachment statute[5] which allow attachments upon a plaintiff's ex parte allegation of fraud. Neither those cases, nor Sniadach v. Family Finance Corp.[6] and Mitchell v. W. T. Grant Co.,[7] upon which plaintiff relies, considered the necessity of attachment of a nonresident's property found within a state for the purpose of acquiring quasi-in-rem jurisdiction.[8] In each of the cases, property belonging to one of its residents was subjected to prejudgment seizure under the state's repossession statutes without prior notice and hearing. In the instant case, resort to the attachment statute was in effect compelled by defendant's resistance to in personam jurisdiction upon its plea that it was not doing business in the state. This court is of the view that attachment without prior notice of a nonresident's property in order to acquire quasi-in-rem jurisdiction when personal jurisdiction is lacking or doubtful does not deny due process of law. While our Court of Appeals has not had occasion to address itself to this precise issue, it was considered by the Third Circuit, and what it said on the subject is pertinent:

"Although the long-arm statute does replace the necessity for quasi-in-rem jurisdiction in some instances, it does not necessarily obviate the need for attachment prior to a non-resident defendant's general appearance. A

2. Arrowsmith v. United Press International, 320 F.2d 219 (2d Cir. 1963).

3. 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

4. 383 F.Supp. 643 (S.D.N.Y.1974), review granted, 421 U.S. 908, 95 S.Ct. 1556, 43 L. Ed.2d 773 (1975).

5. N.Y.C.P.L.R. § 6201(4), (5) and (8); § 6211.

6. 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

7. 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).

8. The *Fuentes* Court listed attachment necessary to secure jurisdiction as one of three limited situations in which the Court has allowed attachment without a prior hearing. 407 U.S. at 91 n. 23, 92 S.Ct. 1983. The *Sugar* court did not consider the constitutionality of N.Y.C.P.L.R. § 6201(1), which authorizes attachment of the property of foreign corporations, nonresidents and non-domiciliaries. 383 F.Supp. at 646–47 n. 5. Indeed, its holding was expressly limited to New York defendants. *Id.* at 650.

plaintiff employing the long-arm statute may face extended litigation as to whether a particular defendant is as a matter of law subject to that process. Indeed, ultimately it may be determined that no jurisdiction exists. In contrast, to the extent of the nonresident's property subject to the state's jurisdiction, foreign attachment provides an immediate and certain basis on which to exercise jurisdiction over a nonresident defendant. It thereby constitutes a greater inducement for such a defendant to appear and consequently, accomplishes one of the principal objectives underlying enactment of foreign legislation. We therefore conclude that the Pennsylvania foreign attachment procedures here challenged are not constitutionally objectionable as applied to [the defendant] before its general appearance." [9]

Since the defendant does not dispute that plaintiff has stated a cause of action, that it was a party to the contract upon which plaintiff bases its claim, and that the amount of property attached is reasonable in relation to plaintiff's claim, the motion to vacate the order of attachment is denied.

Alternatively, the defendant moves, pursuant to 28 U.S.C., section 1404(a), to transfer the action to the Eastern District of Washington. Upon consideration of the applicable criteria,[10] the court is of the view that the balance weighs against transfer.

The making of the contract and its terms are not in dispute. Plaintiff is an assignee of the contract under which the defendant agreed to make itself available for the purchase of approximately $4,000,000 in Government National Mortgage Association ("GNMA") certificates on a settlement date of February 1, 1974. The contract contained a provision for "at least thirty days advance written notice" of plaintiff's intention to exercise its option to deliver the securities. Since there is no dispute that the notice was given on January 3, 1974, the crucial issue is whether it was timely under the terms of the contract. Defendant urges that the resolution of the question will depend upon the original negotiations between the parties to the contract, who live in Arizona and the State of Washington.[11] But there is no claim that these parties considered the precise meaning of the words "thirty days advance written notice"; accordingly, it appears that the dispute will center about business custom and usage, the evidence as to which is as readily, if not more readily available in New York than in Spokane, Washington. Under the circumstances, defendant has not made a clear showing that the proposed transferee district is more convenient than plaintiff's selected forum and that the interests of justice will be served by a transfer.

The motion to transfer is denied.

---

9. Lebowitz v. Forbes Leasing and Finance Corp., 456 F.2d 979 (3d Cir.), cert. denied, 409 U.S. 843, 93 S.Ct. 42, 34 L.Ed.2d 82, rehearing denied, 409 U.S. 1049, 93 S.Ct. 509, 34 L.Ed.2d 502 (1972).

10. Schneider v. Sears, 265 F.Supp. 257, 263 (S.D.N.Y.1967).

11. Plaintiff was not a party to the original contract; it acquired its rights by assignment.