**INCONTRADE, INC., Plaintiff,**

v.

**OILBORN INTERNATIONAL, S. A.,**
**a/k/a Oilborn Shipping Co.,**
**Inc., Defendant.**

No. 75 Civ. 3780–LFM.

United States District Court,
S. D. New York.

Feb. 12, 1976.

Healy & Baillie, New York City, for defendant, by John Koster, New York City.

Coudert Brothers, New York City, for plaintiff, by Samuel Nakasian, New York City.

## OPINION

MacMAHON, District Judge.

Plaintiff attached defendant's bank account on August 13, 1975 and now moves to prove grounds of attachment. Defendant cross-moves to vacate the attachment and to dismiss, or, alternatively, to stay the proceedings pending arbitration.

Plaintiff claims breach of a charter party agreement by defendant to transport fuel from Ghana to plaintiff's tanks in Salem, Massachusetts. Plaintiff asserts that when the ship arrived in Salem, a third-party creditor of defendant prevented discharge of the cargo until defendant's obligation to the creditor was secured by plaintiff's written guaranty. Plaintiff seeks $110,500 in damages for short loading, delay in delivery and breach of defendant's agreement to post a bond.

Defendant contends that the action should be dismissed on the grounds of forum non conveniens.

Plaintiff is a Connecticut corporation, defendant is a Liberian corporation with its principal office in Greece, and, as we have seen, the charter was to transport oil from Ghana to Massachusetts. It appears, however, that defendant does business in New York state through its New York City office. Negotiations for the original charter agreement and an alleged subsequent promise by defendant to post a bond covering plaintiff's commitment to the third-party creditor were made in New York. Payment for the charter agreement was also to be made in New York.

Defendant offers no evidence of unusual or extreme circumstances showing that retention of jurisdiction would result in substantial injustice.[1] We, therefore, decline to dismiss the action on the grounds of forum non conveniens since there is a sufficient nexus between this forum and the claim alleged.

Defendant moves to vacate the attachment claiming that, since Section 1314(b) of the New York Business Corporation Law (McKinney 1975 P.P.) would prevent this suit from being brought in the New York state courts, plaintiff should not have the benefit of New York's provisional remedies in this federal court. Section 1314(b) limits the circumstances under which state courts may hear disputes between two foreign corporations. Suits brought to recover on a contract made, or to be performed, within the state and actions against a defendant doing business within the state are among those permitted.

It appears that both the original charter and later agreement to post bond were made in New York and that defendant does business in New York through Oilborn Shipping Co., Inc. Defendant's motion to vacate the attachment on the ground that the New York courts would be without subject matter jurisdiction must, therefore, fail.

Defendant also moves to vacate the attachment on the ground that the applicable New York attachment statute, Section 6201(1) of the New York Civil Practice Law and Rules (McKinney 1963), is unconstitutional.[2] Plaintiff asserts, how-

1. *Leasco Data Processing Equipment Corp. v. Maxwell,* 468 F.2d 1326, 1344 (2d Cir. 1972).

2. Different subdivisions of the statute have been declared unconstitutional. See *Sugar v. Curtis Circulation Co.,* 383 F.Supp. 643 (S.D.N.Y.1974) (three-judge court), appeal pending, probable jurisdiction noted, 421 U.S. 908, 95 S.Ct. 1556, 43 L.Ed.2d 773 (1975).

ever, that the attachment was used to gain quasi in rem jurisdiction over the foreign corporation and that use of the statute for that purpose is valid.[3] We do not reach defendant's constitutional claim since, as a matter of discretion, we vacate the order of attachment as inappropriate.

Attachment cannot be justified in this case as necessary to obtain jurisdiction, for it appears that defendant, Oilborn International, S.A., does business in New York through Oilborn Shipping Co., Inc., and is, therefore, subject to personal jurisdiction in New York state.[4] When jurisdiction already exists, attachment should issue only upon a showing that drastic action is required for security purposes,[5] and plaintiff has not established that security is necessary with respect to this defendant. We find, therefore, as a matter of discretion, that attachment here, with all of its harsh consequences, is unnecessary and inappropriate.

Finally, defendant moves to stay this proceeding pursuant to the Federal Arbitration Act, 9 U.S.C. § 3. Clause 24 of Part II of the charter party provides that:

> "Any and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration. . . ."

Defendant contends that all three of plaintiff's claims arise out of the charter. Plaintiff asserts, however, that its primary claim, suit on defendant's promise to post bond to satisfy the third-party creditor, does not arise out of the charter and is not covered by the arbitration clause. There is no dispute that plaintiff's claims for short loading and delayed delivery would be subject to arbitration if brought alone.

Plaintiff's first claim is based on defendant's failure to post bond for approximately $72,000 to relieve plaintiff of liability under a letter guaranty in favor of defendant's creditor. Plaintiff had been forced to make the guaranty when the creditor prevented the unloading of plaintiff's cargo in Massachusetts until defendant's obligation was secured. Although plaintiff now claims that these facts constitute an entirely separate contract, it is difficult to see how this dispute does not relate to the original charter agreement. Plaintiff has described the original charter party contract as "giving rise to the claims" sued upon,[6] and the amended complaint states that defendant's refusal to satisfy the third-party creditor or to ensure discharge of the cargo was in violation of the terms of the original contract[7] and caused plaintiff to execute the letter guaranty.

The facts alleged by plaintiff and the federal policy directing all doubts to be resolved in favor of arbitration[8] require us to hold that plaintiff's first claim is referable to arbitration under the charter agreement. Moreover, we recognize that, especially in the area of international commerce, the ability of the parties to agree in advance to a forum in which they may resolve their dis-

---

3. *Fuentes v. Shevin,* 407 U.S. 67, 91 n. 23, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Merrill Lynch Government Securities, Inc. v. Fidelity Mutual Savings Bank,* 396 F.Supp. 318 (S.D.N.Y.1975); *Stanton v. Manufacturers Hanover Trust Co.,* 388 F.Supp. 1171 (S.D.N.Y.1975).

4. *Frummer v. Hilton Hotels Int'l,* 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851, *cert. denied,* 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967).

5. *Saxe v. Rapifax Corp.,* Docket No. 75 Civ. 635 (S.D.N.Y. Nov. 10, 1975); *Compania Naviera Asiatic, S.A. v. Burmah Oil Co.,* Docket No. 74 Civ. 2025 (S.D.N.Y. Oct. 2, 1975); *Elliot v. Great Atlantic & Pacific Tea Co.,* 11 Misc.2d 133, 171 N.Y.S.2d 217 (City Ct. N.Y.), *aff'd* 11 Misc.2d 136, 179 N.Y.S.2d 127 (1957).

6. Affidavit of Frederick H. Gilchrest, ¶ 8, in support of plaintiff's motion to prove grounds of attachment.

7. Amended complaint, ¶ 7.

8. *Coenen v. R. W. Pressprich & Co.,* 453 F.2d 1209, 1212 (2d Cir.), *cert. denied,* 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972); *Metro Industrial Painting Corp. v. Terminal Construction Co.,* 287 F.2d 382, 385 (2d Cir. 1961).

putes is essential.[9] Plaintiff and defendant have contracted that all disagreements arising out of the charter shall be submitted to arbitration in London. Therefore, in order to give full effect and enforcement to the forum and procedure agreed to by the parties, we decline to exercise jurisdiction over this dispute.[10]

Accordingly, plaintiff's motion to prove grounds of attachment and defendant's motion to stay these proceedings are denied. Defendant's motion to vacate the attachment and to dismiss are granted.

So ordered.

9. *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974); *Fotochrome, Inc. v. Copal Co.,* 517 F.2d 512, 516 (2d Cir. 1975); *McCreary Tire & Rubber Co. v.*

*CEAT, S.p.A.,* 501 F.2d 1032, 1037 (3d Cir. 1974).

10. *Gaskin v. Stumm Handel GmbH,* 390 F.Supp. 361 (S.D.N.Y.1975).