**AEROTRADE, INC. and Aerotrade International, Inc., Plaintiffs,**

v.

**REPUBLIC OF HAITI, Defendant.**

No. 73 Civ. 3587.

United States District Court,
S. D. New York.

July 16, 1976.

Regan, Goldfarb, Heller, Wetzler & Quinn, New York City, for plaintiffs; Howard Breindel, Robert Aronson, New York City, of counsel.

Andreas F. Lowenfeld, New York City, for defendant.

Hendler & Murray, New York City, for Hartford Acc. and Indem. Co.; Jerome Murray, Jason Wallach, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiffs applied for and were granted an attachment on October 5, 1973 against the funds on deposit at the First National City Bank ("Citibank") to the credit of Banque Nationale de la Republique d'Haiti ("Banque") on the ground that Banque was wholly owned by and the alter ego of the defendant Republic of Haiti ("Haiti"). Pursuant to the attachment the funds were levied upon and Citibank delivered out of Banque's account $867,000 to the United States Marshal; in addition, in accordance with its established policy when a depositor's account is attached, it segregated an overrun of $216,750. Thereafter, on May 24, 1974, this Court vacated the attachment upon Haiti's plea that it was entitled to sovereign immunity with respect to plaintiffs' claim which involved military procurement for Haiti's air, land and naval forces.[1]

The plaintiffs, to obtain the attachment, filed an undertaking as required by an order of this Court pursuant to the New York Attachment Law,[2] of which $35,000 was to secure payment of Haiti's legal costs and damages for which plaintiffs would be liable in the event the attachment were vacated. Upon Haiti's motion to enforce the terms of the undertaking against Hartford Accident and Indemnity Co. ("Hartford"), the matter was referred to Magistrate Schreiber to hear and report as to the amount due to Haiti.

The matter is now before the Court on the report of the Magistrate, who recommended that Haiti was entitled to reimbursement in the sum of $13,553 for counsel fees and disbursements incurred in connection with the attachment. However, the Magistrate rejected Haiti's further claim for damages for the sum paid by it to Banque representing interest charges made against Banque for overdrafts on Banque's account at Citibank on the ground that Haiti was under no legal obligation to reimburse Banque for the interest charges.

The withdrawal of more than $1,000,000 from Banque's account by reason of the attachment so depleted the account that it necessitated the issuance of overdrafts. Under a prior arrangement between Banque and Citibank, overdrafts were permitted but Banque was required to pay and in the instant situation did pay interest on the overdrafts during the period the attachment remained in effect. Those interest charges were a direct consequence of the attachment against Haiti based upon plaintiffs' claim that Banque was the alter ego of Haiti.

■ The record establishes that not only did Haiti agree to reimburse Banque for the interest charges, but also that under the law of Haiti, Banque could have sued to recover such interest charges. The fact that Haiti's agreement to reimburse Banque was not in writing at the date of the attachment is immaterial; there is no requirement that such obligation be written. So, too, it is immaterial that Banque may have a separate and independent claim against plaintiffs based upon an improper attachment of its funds.

■ Since the interest charges paid by Haiti to Banque were a direct consequence of the withdrawal from and the depletion of its account by reason of the attachment against Haiti, Haiti is entitled to recover the sums so paid as damages under the terms of the undertaking in its favor.

■ Hartford seeks to have the matter re-referred to the Magistrate on the issue of mitigation of damages. However, were the interest rate substantially reduced (even at six per cent per annum), the undertaking would still be insufficient to meet

---

1. *Aerotrade, Inc. v. Republic of Haiti,* 376 F.Supp. 1281 (S.D.N.Y. 1974).

2. N.Y.C.P.L.R. § 6212(b). Jurisdiction was based on diversity.

the interest obligation over and above $13,-553, the amount allowed for legal fees. Hartford's further argument that Haiti was obliged to have effected a discharge of the attachment and thereby mitigated damages by giving an undertaking in an amount equal to the attached funds pursuant to section 6222 of the new York Attachment Law [3] is without substance. That section is permissive and not mandatory; moreover, to furnish an undertaking would require the payment of a premium, and in view of the amount of the claim would probably require the posting of a fund equal to the amount attached.

Haiti is entitled to recover, in addition to the counsel fees, the interest it paid to Banque, but only on the sum of $867,000 and for the period from the date of the levy upon Banque's funds, that is, October 5, 1973 to June 10, 1974, when the Marshal returned the $867,000 to Citibank.

Judgment may be entered accordingly.