AEROTRADE, INC. and Aerotrade International, Inc., Plaintiff,

v.

REPUBLIC OF HAITI,
Defendant-Appellee,

v.

HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant.

No. 599, Docket 76–7425.

United States Court of Appeals,
Second Circuit.

Argued March 17, 1977.

Decided March 17, 1977.

Opinion March 30, 1977.

Jason D. Wallach, New York City (Hendler & Murray, and Jerome Murray, New York City, on the brief), for appellant.

Andreas F. Lowenfeld, New York City, for defendant-appellee.

Before LUMBARD and TIMBERS, Circuit Judges, and DAVIS, Judge, Court of Claims.*

PER CURIAM:

This appeal arises out of a proceeding under Rule 65.1, F.R.Civ.P., to enforce a bond issued by appellant Hartford Accident & Indemnity Company as a condition for an attachment order obtained ex parte by plaintiffs Aerotrade, Inc. and Aerotrade International, Inc. at the beginning of their action in the Southern District of New York against defendant-appellee Republic of Haiti. The principal action was dismissed by Judge Edward Weinfeld on the ground of sovereign immunity, and the order of attachment vacated. *Aerotrade, Inc. v. Republic of Haiti*, 376 F.Supp. 1281 (S.D.N.Y. 1974). No appeal was pursued as to that judgment. The Republic of Haiti then brought this proceeding to collect on the bond. Judge Weinfeld ruled in favor of the Republic and awarded the full amount of the bond available to it, plus interest. *Aerotrade, Inc. v. Republic of Haiti*, 416 F.Supp. 1114 (S.D.N.Y.1976). This appeal followed. At the oral argument we announced our decision affirming the judgment and we now record that disposition.

The facts are stated in Judge Weinfeld's two opinions. *See also Aerotrade, Inc. v. Banque Nationale de la Republique d'Haiti*,

---

* Hon. Oscar H. Davis, Judge, U.S. Court of Claims, sitting by designation.

376 F.Supp. 1286 (S.D.N.Y.1974). The main issue concerns Haiti's right to include in its damages, resulting from the attachment, payments made by it to Banque Nationale de la Republique d'Haiti, the New York funds of which were attached by Aerotrade on the sworn allegation that Banque is wholly owned by, and the alter ego of, the Republic of Haiti. These payments reimbursed the Banque for interest charges levied against it, by the New York bank in which it kept the attached funds, for overdrafts resulting from the attachment.

In affirming, we do so without considering whether the District Court was correct with respect to the existence of some legal obligation running from Haiti towards the Banque. We affirm on the separate ground, also set forth in Judge Weinfeld's opinion, that the interest charges paid by the Banque "were a direct consequence of the attachment against Haiti based upon plaintiff's [*i.e.* Aerotrade's] claim that Banque was the alter ego of Haiti" in that those interest charges "were a direct consequence of the withdrawal from and the depletion of its account by reason of the attachment against Haiti," and therefore that "Haiti is entitled to recover the sums so paid as damages under the terms of the undertaking in its favor." 416 F.Supp. at 1115. We agree that, in the particular circumstances of the case—including Aerotrade's representation that Banque, a nonparty, was the alter ego of Haiti and for that reason should be subject to attachment in this suit against Haiti—the Republic's reimbursement of the Banque was a direct, foreseeable consequence of the attachment against the Banque's funds as those of Haiti. The attachment thus caused and produced the reimbursement of the Banque by Haiti. We also concur with the District Court on mitigation of damages.

Affirmed.